(No. 44473.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JAMES DAVIS, Appellant.

*Opinion filed June 25, 1973.*

PETER B. CAREY, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and WILLIAM D. WOLTER, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

The defendant, James Davis, has appealed from the circuit court of Cook County, which dismissed his amended post-conviction petition without an evidentiary hearing.

In 1967, the defendant was indicted for a felony in Cook County, convicted and given five years' probation. On July 3, 1969, he was convicted of criminal trespass to a motor vehicle and sentenced to the House of Correction of Cook County for one year. Neither of these convictions is directly involved in this proceeding. On October 30, 1968, the defendant was arrested while driving a stolen automobile. He was charged in Cook County with theft of property with a value in excess of $150. However, by the time the case came on for hearing on October 15, 1969, the defendant was serving the sentence to the House of Correction that had been imposed on July 3, 1969. The two offenses were not related. The charge was then reduced to theft of property not exceeding $150 in value. The defendant pleaded guilty to the reduced charge and he was sentenced to one year in the county jail.

Early in 1970 (the exact date not being shown in the record), a rule was entered on the defendant to show cause why the probation granted in 1967 on his felony conviction should not be revoked. The rule was based on the July 3, 1969, and the October 15, 1969, misdemeanor convictions. The court revoked the defendant's probation and sentenced him to a term of from 3 to 10 years in the penitentiary.

In his post-conviction petition the defendant alleges that he was deprived of his constitutional rights as a result of the proceedings which resulted in his conviction of theft on October 15, 1969. Specifically, he charges that he has been deprived of due process in that his guilty plea to the theft charge on October 15, 1969, was induced by an unfulfilled promise of an Assistant State's Attorney that his probation imposed under the prior conviction would not be revoked and that he would receive an additional sentence of probation for this latest offense. Defendant also contends that he was incompetent at the time of his guilty plea due to his being under the influence of pain-killing drugs, and that he was not guilty of the theft.

The State filed a motion to dismiss the petition, contending the allegations did not raise constitutional questions and that the remedy of the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*) was not available to the petitioner, inasmuch as the conviction was for an offense not punishable by imprisonment in the penitentiary. The trial court agreed with the State's latter contention and dismissed the petition. The defendant appealed from the order of dismissal.

Paragraph 122—1 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1) provides: "Any person *imprisoned in the penitentiary* who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution *** may institute a proceeding under this Article." (Emphasis added.)

This court has held that the Act would not be construed so narrowly as to preclude the remedy in every case in which the petition is not filed and the hearing completed before imprisonment ends. (*People v. Davis, 39 Ill. 2d 325, 329.*) Thus, that part of the Act italicized above does not require that the person seeking relief actually be imprisoned at the time the relief is sought.

However, this court has also held that the use of the words "imprisoned in the penitentiary" was intended to distinguish between persons convicted of minor offenses and those convicted of serious crimes. It was the intent of the legislature to allow persons convicted of serious crimes, that is, crimes punishable by imprisonment in the penitentiary, to avail themselves of the provisions of this remedial statute. *People v. Dale 406 Ill. 238, 246.*

The petition in this case attacks only the October 15, 1969, theft conviction. It does not attack the 1967 felony conviction for which probation was granted nor the revocation of that probation following the defendant's conviction of the two misdemeanors in 1969. Therefore, this case presents an entirely different question from that

considered in *People v. Pier, 51 Ill.2d 96.* In that case we held that the remedial provisions of the statute are available to one who seeks to raise constitutional issues which occur in a proceeding to revoke his probation which had been granted as a result of a felony conviction.

The alleged constitutional violation in the instant case did not occur in a proceeding which resulted in his conviction of an offense punishable by imprisonment in the penitentiary. The proceeding in which the defendant claims there were constitutional violations involved his prosecution for theft of property with a value of less than $150 for which the punishment is imprisonment in a penal institution *other than the penitentiary.* (Ill. Rev. Stat. 1969, ch. 38, par. 16—1.) Under the previous decisions of this court, the remedy of the Post-Conviction Hearing Act was therefore not available to the defendant.

However, we have today filed an opinion in consolidated cases Nos. 43127, 44212, 44493 and 45183, being *People v. Warr, People ex rel. Finch v. English, People v. Finch, and People ex rel. Johnson v. Sheriff of Cook County,* in which this court has fashioned a remedy for a defendant convicted of a misdemeanor who asserts that there was a substantial denial of his constitutional rights. We held in that opinion that a proceeding in the nature of a proceeding under the Post-Conviction Hearing Act as modified by that opinion, until otherwise provided by rule of this court or by statute, was an appropriate means by which a person convicted of a misdemeanor could seek relief for alleged violations of his constitutional rights.

We therefore reverse the judgment of the circuit court of Cook County and remand this cause to that court with directions to consider the pleading filed by the defendant in light of the provisions of this court's opinion in *People v. Warr et al.,* with the exception that the time limitation provided in that opinion within which such a proceeding must be commenced is not applicable to this case.

*Reversed and remanded, with directions.*