THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MODESTO MONTES, Defendant-Appellant.

First District (4th Division)    No. 79-949

Opinion filed November 6, 1980.

Elliot Samuels, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Pamela L. Gray, and John M. Hynes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

Modesto Montes, the appellant, was convicted of a felony and was sentenced to five years' probation. No probation revocation proceeding has been instituted against him. Montes filed a petition for post-conviction relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1977, ch. 38, par. 122—1.) The trial court granted the State's motion to dismiss the petition on the ground that Montes was not imprisoned in the penitentiary as required under the Act. The Post-Conviction Hearing Act provides in part:

> "Any person imprisoned in the *penitentiary* who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article." (Emphasis added.)

The Post-Conviction Hearing Act provides one of the three statutory methods of collaterally attacking a judgment. (*People v. Warr* (1973), 54 Ill. 2d 487, 298 N.E.2d 164.) The Act has been liberally construed to afford

a convicted person an opportunity to present questions of deprivation of constitutional rights. *People v. Pier* (1972), 51 Ill. 2d 96, 281 N.E.2d 289.

The words "imprisoned in the penitentiary" have been liberally construed. In *People v. Davis* (1968), 39 Ill. 2d 325, 235 N.E.2d 634, the defendant filed a petition under the Act while imprisoned in the penitentiary, but the petition was not heard until after the defendant had served his term. The court reversed the dismissal of the petition. It stated that there were advantages to purging oneself of the stigma and disabilities which attended a criminal conviction and that it saw "no reason to so narrowly construe this remedial statute as to preclude the remedy in every case in which the petition is not filed and the hearing completed before imprisonment ends." *Davis*, 39 Ill. 2d 325, 329, 235 N.E.2d 634, 636.

In another case, also entitled *People v. Davis* (1973), 54 Ill. 2d 494, 298 N.E.2d 161, the court further construed the words "imprisoned in the penitentiary." The court held that the defendant was entitled to petition under the Post-Conviction Hearing Act to inquire into the constitutionality of a plea of guilty to a misdemeanor, that is, an offense not punishable in the penitentiary, where that conviction on the plea of guilty to the misdemeanor led to a finding of violation of probation on a felony case. In discussing the legislative intent the court stated that the phrase "imprisoned in the penitentiary" was meant to distinguish between persons convicted of minor offenses and those convicted of serious crimes, and that "[i]t was the intent of the legislature to allow persons convicted of serious crimes, that is, crimes *punishable* by imprisonment in the penitentiary to avail themselves of the provisions of this remedial statute." (Emphasis added.) *Davis*, 54 Ill. 2d 494, 496, 298 N.E.2d 161, 163.

The most significant case for purposes of our inquiry into the interpretation of the words "imprisoned in the penitentiary" is *People v. Warr* (1973), 54 Ill. 2d 487, 298 N.E.2d 164. The court there held that although misdemeanants are never imprisoned in a penitentiary and thus are not entitled to relief under the Act, they are nonetheless entitled to some post-conviction relief. It fashioned a remedy in the nature of that provided by the Act. Moreover, the court held that the misdemeanant need not be sentenced to imprisonment in order to be entitled to relief. The court reasoned that its holding was "appropriate, if not imperative" in light of several recent United States Supreme Court opinions which rejected distinctions based upon nature of offense or length of sentence as a ground for denying procedural rights guaranteed by the fourteenth amendment. *Warr*, 54 Ill. 2d 487, 492, 298 N.E.2d 164, 166.

■■ If a misdemeanant is entitled to a collateral hearing to question the constitutionality of the procedures used to commit him, even though he is not confined, it seems patent that a person convicted of a felony is also so entitled. The later *Davis* case, in the context of a defendant who had

already served his term before his petition was heard, held that the Act should not be so narrowly construed so that it requires a defendant to be actually imprisoned at the time relief is sought. (*Davis,* 54 Ill. 2d 494, 496, 298 N.E.2d 161, 163.) It was the intent of the legislature to allow persons convicted of crimes "punishable by imprisonment" to have a post-conviction remedy. (*Davis,* 54 Ill. 2d 494, 496, 298 N.E.2d 161, 163.) We believe a defendant convicted of a felony and placed on probation is a person "imprisoned in the penitentiary" within the contemplation of the Act.

The judgment is reversed and the cause is remanded to the circuit court of Cook County for further proceedings.

Reversed and remanded.

JOHNSON and ROMITI, JJ., concur.