THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
OTIS JACK, Defendant-Appellant.
First District (1st Division)    No. 80-1188

Opinion filed June 29, 1981.

Arthur H. Grant, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr and Warren A.
Zimmerman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:
On September 18, 1975, after a jury trial, defendant was convicted of
theft by deception, official misconduct, and conspiracy to commit theft.
(Ill. Rev. Stat. 1977, ch. 38, pars. 16—1(b), 33—3, and 8—2.) He was
sentenced to 2 years' probation solely on the offense of theft. After a
complicated procedural history, his direct appeal was dismissed for want
of prosecution. In 1980 defendant filed a petition for post-conviction
relief. Therein he alleged that he had been denied his right to effective
assistance of appointed appellate counsel. After argument, that petition
was dismissed without an evidentiary hearing. In his present appeal,
defendant contends that the trial court erred in dismissing his petition for
post-conviction relief. He argues that the Post-Conviction Hearing Act
(Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*) confers jurisdiction to hear
his petition because he alleged a violation of his constitutional rights.

The statute may provide relief for "[a]ny person *imprisoned in the
penitentiary* who asserts that in the proceedings which resulted in his
conviction there was a substantial denial of his rights under the Consti-
tution of the United States or of the State of Illinois * * *." (Ill. Rev. Stat.
1977, ch. 38, par. 122—1.) The underscored words have been construed to
apply to those who are incarcerated or on probation. (See discussion in
*People v. Montes* (1980), 90 Ill. App. 3d 355, 412 N.E.2d 1363.) Defendant
requests that we extend the relief currently available to include persons

who four years previously completed a sentence of probation, failed to timely proceed on a direct appeal or seek post-conviction relief while under sentence.

We decline to extend such relief to defendant. The statute is limited in purpose. It does not offer a means of relief for one such as defendant, who completed his probationary sentence. This interpretation would be parallel to the result if a defendant served his time of incarceration yet did not seek post-conviction relief until several years after his release from custody. Our holding in this regard recognizes the necessity of the eventual end of litigation.

Defendant also has filed a motion to strike certain allegations in the State's brief regarding the procedural history of this matter when it was a direct appeal because such facts are not supported by the actual record on appeal. (See *Finance America Commercial Corp. v. Econo Coach, Inc.* (1981), 95 Ill. App. 3d 185, 419 N.E.2d 935.) Our decision in this case, however, is not affected by any of these factual allegations, which defendant does not deny, even though we might take judicial notice of our own records. (*People v. Davis* (1976), 65 Ill. 2d 157, 357 N.E.2d 792.) Thus we deny defendant's motion.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CAMPBELL, P. J., and GOLDBERG, J., concur.