THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ANTHONY MARTIN-TRIGONA, Defendant-Appellee.

First District (4th Division)   No. 83—2424

Opinion filed December 6, 1984.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, David A. Cuomo, and Erin J. Jennings, Assistant State's Attorneys, of counsel), for the People.

Paul Bradley, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, the People of the State of Illinois, appeals the trial court's grant of a new trial to defendant, Anthony Martin-Trigona, in a post-conviction proceeding. The following issues are presented for review: (1) whether the trial court had jurisdiction to entertain defendant's petition; (2) whether defendant's petition was sufficient; (3) whether the admission of defendant's prior Federal uncounseled conviction at his bench trial was proper; and (4) assuming *arguendo* that the admission of the conviction constituted error, whether it was harmless beyond a reasonable doubt.

We affirm.

This is the second appeal in this matter. On November 2, 1980, after a bench trial, defendant was convicted of three counts of forgery and four counts of theft. At trial, the prosecution had introduced a certified copy of defendant's Federal conviction for mail fraud. Defendant was given a three-year sentence to be served concurrently with his Federal sentence.

On July 16, 1982, the United States Court of Appeals for the Sev-

enth Circuit reversed defendant's Federal mail fraud conviction on the ground that he had been denied assistance of counsel in violation of the sixth amendment to the United States Constitution by being required to defend himself *pro se (United States v. Martin-Trigona* (7th Cir. 1982), 684 F.2d 485, 490). On December 16, 1982, this court affirmed the State conviction, with one judge dissenting. We remanded the cause for resentencing because the trial court had considered defendant's Federal conviction in deciding upon a sentence. *(People v. Martin-Trigona* (1982), 111 Ill. App. 3d 718, 444 N.E.2d 527.) We denied defendant's petition for rehearing on January 18, 1983.

On January 20, 1983, the United States Attorney for the Central District of Illinois filed a motion to dismiss the indictment against defendant, and the motion was granted. On June 20, 1983, defendant filed a petition for post-conviction relief, asking that his State conviction be vacated. The State's Attorney moved to dismiss the petition.

At a hearing on the matter, which was held on September 29, 1983, the trial judge who presided over defendant's trial stated the following:

"THE COURT: Well, there is no question that this was a troublesome case, for me at least. I had a businessman before me and I found him guilty of serious felony offenses, which is certainly not helpful to him in the future. And, there were all sorts of indications that this was a dispute between businessmen. Why Mr. Trigora [*sic*] decided to cash his check and appropriate the proceeds of it, I don't know.

But, whatever his motives, I decided that they were criminal, but I cannot deny the fact that I allowed this conviction in evidence for the purpose of impeachment, offered by the State, and the State was correct in offering it.

I tell you, I was even, at the time, I was somewhat taken aback that the circumstances surrounding Mr. Trigora's [*sic*] conviction in the Federal Court and the sentence, believe was twelve year sentence, I didn't know what to make of it.

In any event, the law is or was still is that where a case is pending on appeal, I can consider that conviction by way of impeachment. However, now that it has been reversed, sent back for a new trial, and then the Federal government says, I am going to dismiss the case and not have a second trial.

Now, we have that conviction that I considered, hanging out there. It's an embarrassment to me. I really don't know, it was a long time ago. I really don't know, I thought the evidence was very persuasive, very substantial. And, on the other hand,

I don't want to deny Mr. Trigora [*sic*] an opportunity to find a judge who is unaffected by his prior conviction.

I don't see how I can let it stand. It seems wrong."

The trial court granted defendant a new trial. The State appeals.

■ The State argues that the trial court lacked jurisdiction to entertain defendant's post-conviction petition. It reasons that defendant does not come within the rule or any of the exceptions allowed by courts in liberal interpretations of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1981, ch. 38, par. 122—1 *et seq.*). The statute provides that post-conviction petitions can be filed by persons who are imprisoned. Illinois courts have allowed such petitions by persons on probation (*People v. Montes* (1980), 90 Ill. App. 3d 355, 412 N.E.2d 1363), persons released on parole (*People v. Placek* (1976), 43 Ill. App. 3d 818, 357 N.E.2d 660), and persons who have completely served their sentences (*People v. Correa* (1984), 124 Ill. App. 3d 668, 465 N.E.2d 507). When defendant filed his petition, he was not imprisoned, released on parole or probation, nor had he served his sentence. He was out on appeal bond. Thus, the State claims, the trial court did not have the requisite jurisdiction to entertain or grant defendant's petition. Since defendant had yet to serve his sentence, his resort to post-conviction relief was premature and inappropriate.

Section 122—1 of the Post-Conviction Hearing Act provides in pertinent part that "[a]ny person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article." (Ill. Rev. Stat. 1981, ch. 38, par. 122—1.) Our supreme court has held that this provision does not require that the person seeking relief actually be imprisoned at the time relief is sought. (*People v. Davis* (1973), 54 Ill. 2d 494, 496, 298 N.E.2d 161, 163.) We disagree with the State's assertion that cases such as *Davis* and *People v. Montes* (1980), 90 Ill. App. 3d 355, 412 N.E.2d 1363, allow certain narrowly defined exceptions to the rule that a person must be imprisoned to petition for post-conviction relief. Rather, those cases exemplify the principle articulated above, that the person seeking relief need not actually be imprisoned at the time relief is sought. In the instant case, defendant was not imprisoned at the time he petitioned for post-conviction relief, but was free on an appeal bond. We hold that a defendant released on an appeal bond is a person "imprisoned in the penitentiary" within the contemplation of the statute. *Cf. People v. Montes* (1980), 90 Ill. App. 3d 355, 357, 412 N.E.2d 1363, 1364 (defendant placed on probation).

■ The State also argues that the trial court lacked jurisdiction to entertain defendant's "section 72" petition because it was not filed within two years of entry of the judgment sought to be vacated and was, therefore, conclusively barred under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401). Defendant was sentenced on November 12, 1980, and his petition was filed on June 20, 1983, more than two years later.

Defendant entitled his petition "Post-Conviction Petition and Petition for Relief from Judgment" and asked the trial court to vacate his convictions pursuant to provisions of the post-conviction hearing statute (Ill. Rev. Stat. 1981, ch. 38, par. 122—1) and section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401), which was formerly section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72). We have decided above that the trial court had jurisdiction to entertain defendant's petition under the Post-Conviction Hearing Act. Thus, it is unnecessary to consider whether the court may have had jurisdiction under another statute.

■ Next, the State argues that the admission of defendant's prior Federal uncounseled conviction at trial was proper because the conviction was valid at the time it was introduced and therefore did not constitute error even though it was reversed by a Federal court of appeals.

The law in Illinois with respect to impeaching a witness with a prior conviction still pending on appeal is that it is proper to use the conviction to impeach so long as the prior conviction was not void when it was used. (*People v. Bey* (1969), 42 Ill. 2d 139, 146, 246 N.E.2d 287, 291; *People v. Coty* (1982), 105 Ill. App. 3d 398, 400, 434 N.E.2d 432, 434.) This contrasts with the law in a minority of jurisdictions in which a conviction is not considered a final judgment until the appeal process has been completed, and, thus, a prior conviction pending on appeal may not be used to impeach. Annot., 16 A.L.R.3d 714, 735 (1967).

Illinois courts have held that, even where a prior conviction has subsequently been reversed, its use at trial did not constitute reversible error so long as the conviction was not void when it was used. (*People v. Miller* (1975), 27 Ill. App. 3d 788, 792, 327 N.E.2d 253, 256.) This is the position the majority adopted in *Martin-Trigona* I. *People v. Martin-Trigona* (1982), 111 Ill. App. 3d 718, 727, 444 N.E.2d 527, 533.

■ ■ However, where the ground for reversal is constitutional error, the appropriate standard is harmless error. (*Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.) In *Loper*

*v. Beto* (1972), 405 U.S. 473, 31 L. Ed. 2d 374, 92 S. Ct. 1014, the United States Supreme Court held that use of an uncounseled conviction constitutes constitutional error. Thus, where a prior conviction used to impeach is reversed because of an uncounseled conviction, the standard for determining whether that error is reversible is whether use of the conviction was harmless beyond a reasonable doubt. In *Martin-Trigona* I, the majority did not address that issue, but concentrated on the issue of whether the conviction was void when it was used. (*People v. Martin-Trigona* (1982), 111 Ill. App. 3d 718, 727, 444 N.E.2d 527, 533.) We now believe that the better approach would have been to remand for a determination as to whether use of the conviction was prejudicial. To the extent this opinion is inconsistent with our prior opinion, that first opinion is now modified.

■■ Finally, the State argues that even assuming that admission of defendant's prior Federal uncounseled conviction constituted error, it was harmless beyond a reasonable doubt where the evidence undeniably and overwhelmingly established defendant's guilt of both theft and forgery. The State claims that the prior conviction played no part in defendant's conviction and that the trial judge would have come to the same determination without it. We disagree.

We have examined the trial judge's remarks at the hearing on defendant's petition. We interpret his remarks to mean that defendant was prejudiced by use of the prior Federal conviction. We hold that use of the prior uncounseled conviction was not harmless beyond a reasonable doubt. Therefore, under *Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824, and *Loper v. Beto* (1972), 405 U.S. 473, 31 L. Ed. 2d 374, 92 S. Ct. 1014, defendant is entitled to a new trial.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI and ROMITI, JJ., concur.