THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GARY L. VUNETICH, Defendant-Appellant.

Fifth District   No. 5—87—0423

Opinion filed June 23, 1989.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Thomas A. Dossett, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Defendant, Gary L. Vunetich, appeals from an order of the circuit court of St. Clair County which dismissed his post-conviction petition without an evidentiary hearing.

Defendant entered a plea of guilty to burglary in the circuit court of St. Clair County on January 17, 1977, and was sentenced to a three- to nine-year term of imprisonment. On January 8, 1987, defendant filed a *pro se* pleading alleging, *inter alia*, that he had been denied his right to counsel before and during his guilty plea. Thereafter, on January 26, 1987, the court appointed counsel to represent the defendant on his post-conviction petition. Defendant's counsel filed an amended post-conviction petition wherein defendant made the following allegations: (1) that his trial counsel had failed to interview certain listed and identified alibi witnesses; (2) that his trial counsel failed to investigate his case; (3) that his trial counsel assured him that he would be sentenced to a 25-year term of imprisonment if he were sentenced after a trial; and (4) that he told his trial counsel to file a motion to withdraw his plea and, if necessary, take an appeal, and that his counsel failed to do so. The defendant's mother subsequently filed an affidavit in conjunction with defendant's amended post-conviction petition.

A hearing was held on the State's motion to dismiss the post-conviction petition, and the court found that the transcript of the January 17, 1977, guilty plea did not support defendant's post-conviction claims. The court thereafter entered an order which stated that "the transcript of defendant's plea and sentence, is devoid of any evidence that would support defendant's allegations *** [and] defendant has waived any right to an evidentiary hearing by failing to file his petition within the statutory time limit of 10 years from date of conviction."

On appeal, defendant contends (1) that the trial court's finding that his post-conviction petition was not filed within the 10-year limi-

tation period was erroneous and (2) that his post-conviction petition raised genuine issues of fact, thereby precluding the trial court from dismissing the petition without an evidentiary hearing.

With respect to the defendant's first contention, the State admits in its brief that defendant "is correct in believing that he filed his petition in a timely manner in regard to the ten-year statute of limitations." The State, however, contends that the defendant lacks standing to file the petition.

The Post-Conviction Hearing Act states in pertinent part:

> "Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article." (Ill. Rev. Stat. 1987, ch. 38, par. 122—1.)

The State contends that the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*) only permits review of convictions to those who are imprisoned or still on parole for the offense which they seek to overturn. The State claims that the defendant is not in prison or on parole for the 1977 Illinois conviction and therefore cannot use the post-conviction remedy.

The defendant in this case filed neither a motion to withdraw his guilty plea, nor a direct appeal. At the time the defendant filed his post-conviction petition he had completed his prison sentence on the challenged conviction. However, this Illinois conviction was used to enhance a subsequent Kentucky sentence years later. The State argues that although the defendant filed his petition within 10 years of his Illinois conviction, he is too late because he is no longer in prison as the result of that challenged conviction.

■ Initially, "imprisoned in the penitentiary" was construed by the courts to necessitate the actual incarceration of the petitioner at the time of bringing the petition. (*People v. Dale* (1950), 406 Ill. 238, 246-47, 92 N.E.2d 761, 766.) Over time, the courts have expanded the meaning of the phrase to include all persons under a felony sentence at the time the petition was filed. "Imprisoned in the penitentiary" has been held to include those who have been released from incarceration after filing their petition (*People v. Davis* (1968), 39 Ill. 2d 325, 328-29, 235 N.E.2d 634, 636) and those who are on mandatory supervised release (*People v. Correa* (1985), 108 Ill. 2d 541, 546, 485 N.E.2d 307, 309). The courts have further extended the Post-Conviction Hearing Act to include persons who have been sentenced to probation, rather than incarceration (*People v. Montes* (1980), 90 Ill. App.

3d 355, 357, 412 N.E.2d 1363, 1364), or are released on appeal bond after conviction (*People v. Martin-Trigona* (1984), 129 Ill. App. 3d 212, 215, 472 N.E.2d 508, 511).

The State contends that no Illinois court has extended post-conviction relief to include persons, like the defendant, who have fulfilled their sentence and then been incarcerated in another State for totally unrelated acts as a result of unrelated proceedings. The State submits that, accordingly, the defendant in the instant case lacks standing to file his petition. We disagree. We find that defendant does have standing under the Post-Conviction Hearing Act because his parole term for his 1977 conviction was not completed until January of 1988. See *Faheem-El v. Klincar* (1988), 123 Ill. 2d 291, 527 N.E.2d 307.

In *Faheem-El*, the defendant was sentenced to an indeterminate term of 30 to 90 years' imprisonment in 1973, and was released from the Department of Corrections (DOC) on parole in 1983. A mandatory parole term of three years applied to his sentence. (*Faheem-El*, 123 Ill. 2d at 296, 527 N.E.2d at 309.) In 1987, some 3½ years after he was first paroled, the defendant was arrested as a parole violator and later reincarcerated. The defendant argued that he served three years on parole; therefore, he had served his maximum parole time and could not be incarcerated as a parole violator. The supreme court disagreed and held that defendant was on "discretionary parole" from 1983 until his maximum term of imprisonment had passed (in the year 2063), whereupon the "mandatory parole term" of three years would begin. That is, defendant's term of imprisonment was the amount of time he was subject to serve, not the amount of time he actually spent imprisoned before parole. Accordingly, the mandatory parole term did not begin to run until after the maximum term of imprisonment was satisfied, either by actual incarceration or by "discretionary parole." 123 Ill. 2d at 298-300, 527 N.E.2d at 310-12.

■ Pursuant to the principle set forth by the supreme court in *Faheem-El*, the defendant in the instant case was still subject to being held as a parole violator for his 1977 conviction. At the time of his conviction in 1977, burglary was a Class 2 felony. (Ill. Rev. Stat. 1977, ch. 38, par. 19—1(b).) A Class 2 felony has a two-year parole term. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(d)(2).) Defendant received a three- to nine-year term of imprisonment on January 17, 1977, and therefore was subject to serve a term of imprisonment until January 16, 1986, at which time he was subject to parole for two more years. Thus, defendant remained "on parole" and therefore under sentence until January 17, 1988. Despite any attempted release by the DOC, defendant was still subject to potential parole revocation under *Fa-*

*heem-El,* and must be considered subject to being reconfined when he filed his post-conviction petition. We accordingly find that defendant has standing to file his petition and that the trial court's finding that defendant's petition was not filed within the 10-year limitation was manifestly erroneous.

Defendant's second contention on appeal is that the circuit court erred in dismissing his amended post-conviction petition without an evidentiary hearing. The trial court concluded that the allegations raised by the defendant were insufficient and dismissed the defendant's petition without a hearing. In his amended post-conviction petition, defendant alleged: (1) that his trial counsel had failed to interview certain listed and identified alibi witnesses; (2) that his trial counsel failed to investigate his case; (3) that his trial counsel assured him that he would be sentenced to a 25-year term of imprisonment if he were sentenced after a trial; and (4) that he told his trial counsel to file a motion to withdraw his plea, and, if necessary, take an appeal, and that his counsel failed to do so.

■■ ■ In order to obtain a hearing under the Post-Conviction Hearing Act, a petitioner must make a substantial showing that his constitutional rights have been violated. The burden is on the petitioner to clearly set forth the violations and support the allegations by affidavits, records, or other evidence containing specific facts. *(People v. Graham* (1977), 48 Ill. App. 3d 689, 692, 363 N.E.2d 124, 127.) The post-conviction petition must be based on clear factual allegations. Mere conclusory allegations that constitutional rights have been violated are insufficient to entitle a petitioner to an evidentiary hearing. *(People v. Hysell* (1971), 48 Ill. 2d 522, 527, 272 N.E.2d 38, 40-41.) In assessing the sufficiency of the allegations, the trial court is to consider the petition in light of the entire record. Further, the provisions of the Post-Conviction Hearing Act are to be liberally construed and all well-pleaded facts in the petition and in any accompanying affidavits are to be treated as admitted. *(People v. Cihlar* (1984), 125 Ill. App. 3d 204, 208, 465 N.E.2d 625, 628, *aff'd* (1986), 111 Ill. 2d 212, 489 N.E.2d 859.) A motion to dismiss a post-conviction petition admits the truth of the allegations and only attacks the legal sufficiency of those allegations. *People v. Wilson* (1968), 39 Ill. 2d 275, 277, 285 N.E.2d 561, 562.

■ In the instant case, defendant swore that he told his trial counsel to file a motion to withdraw his guilty plea, and, if necessary, to take an appeal, and that his trial counsel failed to do so. To be entitled to a hearing on his post-conviction petition, the defendant need allege only that his counsel failed to preserve his appeal rights—thus

violating his sixth amendment right to effective assistance of counsel—and allege the grounds upon which his withdrawal of his guilty plea would have rested had his counsel properly filed a motion to withdraw the plea. (See *People v. Wilk* (1988), 124 Ill. 2d 93, 107-08, 529 N.E.2d 218, 223.) Here, the defendant alleged in his post-conviction petition that his counsel failed to preserve his appeal rights. He also alleged several grounds upon which counsel could have moved to withdraw the guilty plea. The defendant is thus entitled to a hearing on his post-conviction petition.

In light of defendant's allegations regarding his trial counsel's failure to file a motion to withdraw his guilty plea, we find that the trial judge erred in dismissing the defendant's amended post-conviction petition without a hearing. We accordingly reverse the trial court and remand this case for an evidentiary hearing.

Reversed and remanded.

WELCH, P.J., and CHAPMAN, J., concur.