THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellant, v. KRYZYSZTOF SAK, Petitioner-Appellee.

First District (5th Division)   No. 1—87—1300

Opinion filed July 28, 1989.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, James E. Fitzgerald, and Michael D. Jacobs, Assistant State's Attorneys, of counsel), for the People.

Donald L. Bertelle, of Collins & Bertelle, of Chicago (Janet L. Powers, Law Student), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

In this case we consider whether the language of the Post-Conviction Hearing Act (the Act) (Ill. Rev. Stat. 1985, ch. 38, par. 122—1), permitting petitions thereunder by persons "imprisoned in the penitentiary," precludes a remedy to an individual who has completed his sentence prior to seeking post-conviction relief.

We conclude it does not and affirm the judgment of the circuit court.

Defendant, Kryzysztof Sak, is a Polish national who, in 1980, along with his wife, entered the United States on a tourist visa, overstayed its expiration, and became an illegal alien.

In April of 1984, Sak was charged with the theft of plywood from a commercial establishment. On May 4, 1984, Sak, who was represented by private counsel, pled guilty to the theft, was fined $70, and was sentenced to 18 months of probation. Sak took no further action with respect to the judgment, paid the fine, and completed probation. An order terminating probation was entered in the circuit court of Cook County on November 4, 1985.

Subsequently, based on the theft conviction, the Immigration and Naturalization Service instituted deportation proceedings against Sak.

In turn, Sak sought to vacate his guilty plea by petition pursuant to the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1985, ch. 38, pars. 122—1 through 122—8). The petition alleged Sak's guilty plea was neither knowing nor intelligent nor made with effective assistance of counsel in violation of the fifth, sixth, and fourteenth amendments to the Federal Constitution. More specifically, Sak alleged that although he had informed his counsel, prior to pleading guilty, that he

was an illegal alien, he was never advised his plea could result in deportation.

On February 19, 1987, the State made an oral motion to dismiss Sak's petition. Sak's written response was filed the same day. The circuit court reached no ruling that day. The record indicates the matter was again before the court on March 12, 1987, and was continued by agreement to April 7, 1987. On April 7, 1987, the circuit court, without ever having ruled on the motion, conducted an evidentiary hearing on the petition. Sak was the sole witness. Following that hearing, the circuit court granted Sak's petition and vacated his guilty plea. This appeal by the State followed.

OPINION

Section 122—1 of the Act provides, in pertinent part:

"Any person *imprisoned in the penitentiary* who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 38, par. 122—1.

■■ Our supreme court has indicated that the language "imprisoned in the penitentiary" of section 122—1 is not to be interpreted as a jurisdictional prerequisite to petitioning under the Act. (*People v. Davis* (1968), 39 Ill. 2d 325, 235 N.E.2d 634.) For example, misdemeanants, who are never imprisoned in a penitentiary, have been afforded relief under the Act. (See *People v. Warr* (1973), 54 Ill. 2d 487, 298 N.E.2d 164.) Similarly, felons, released from incarceration but still under sentence, may also properly petition for relief under the Act. See *People v. Correa* (1985), 108 Ill. 2d 541, 485 N.E.2d 307.

The State points out, however, that in each instance where petitions have been entertained under section 122—1, the petitioners were under jurisdiction of the Department of Corrections in some manner, either imprisoned, or on parole, probation, appeal bond, or mandatory supervised release. For that reason, the State argues, relief under the Act should have been precluded to Sak because he had completed his probationary sentence prior to filing the petition under section 122—1. The State urges us to follow, in that respect, *People v. Jack* (1981), 97 Ill. App. 3d 1082, 424 N.E.2d 28.

In *Jack*, defendant was sentenced to two years of probation in connection with a conviction for theft. Defendant's direct appeal was dismissed for want of prosecution. Four years after completing probation, defendant filed a petition for post-conviction relief under the

Act, alleging he was denied effective assistance of appellate counsel. The trial court dismissed that petition. Defendant appealed. The appellate court declined to extend interpretation of the phrase "imprisoned in the penitentiary" to include a person who had completed a probationary sentence, noting its holding recognized "the necessity of the eventual end of litigation." *Jack*, 97 Ill. App. 3d at 1083, 424 N.E.2d at 29.

The holding in *Jack* was noted by the supreme court in *People v. Correa* (1985), 108 Ill. 2d 541, 485 N.E.2d 307, a case involving facts similar to the case before us. In *Correa*, defendant, an illegal alien, pled guilty to three charges of delivery of a controlled substance and was sentenced to concurrent prison terms of three years. He took no appeal. Defendant was released early from incarceration and, while under mandatory supervised release, filed a petition under the Act to vacate his guilty pleas in order to avoid deportation premised on his convictions.

In determining defendant could properly seek relief under the Act, the supreme court observed that, as defendant had not yet completed his sentence, the rationale supporting the decision in *Jack* was inapplicable. The court observed its earlier pronouncement in *People v. Dale* (1950), 406 Ill. 238, 92 N.E.2d 761 (overruled in part by *People v. Warr* (1973), 54 Ill. 2d 487, 298 N.E.2d 164), that the Act was not intended to provide a remedy for persons who had served their sentences or to those who wished to purge their records of past convictions. (*Correa*, 108 Ill. 2d at 546, 485 N.E.2d at 309.) The court, however, specifically declined to further address the holding in *Jack*, reasoning that its disposition did not depend on a determination of whether relief under the Act would have been available had defendant completed his sentence. *Correa*, 108 Ill. 2d at 547, 485 N.E.2d at 309.

We agree with the observation in *Jack* that courts must not prolong litigation and must recognize its defined termination. We are not, however, persuaded that that end should be elevated above avoiding injustice or worked to deprive an individual of constitutional rights.

■ As the State willingly concedes in its brief, Sak was not properly advised of the consequences of his guilty plea. As a direct result of that failure, he now faces deportation. The consequence of deportation, our supreme court has recognized, is a drastic one which is usually more severe than the penalty imposed by the court in response to the plea. (*Correa*, 108 Ill. 2d at 550-51, 485 N.E.2d at 311.) Such is certainly the case here.

That some clearly defined method must exist by which Sak could raise issue with the denial of his Federal constitutional rights is fun-

damental. That he could be deprived of that opportunity by completing his sentence and, thereby, unwittingly forfeit those rights is unreasonable. Moreover, that section 122—1 of the Act provides the appropriate method to assert those rights is suggested by the supreme court, which has declined to read "imprisoned in the penitentiary" as a jurisdictional limitation on circuit courts to entertain petitions thereunder. Indeed, as the court observed subsequent to its pronouncement in *Dale* respecting the Act's function, "there are obvious advantages in purging oneself of the stigma and disabilities which attend a criminal conviction" and that construing the Act to preclude relief "in every case in which the petition is not filed and the hearing completed before imprisonment ends" is not contemplated by its remedial nature. *People v. Davis* (1968), 39 Ill. 2d 325, 329, 235 N.E.2d 634, 636.

We therefore hold Sak was not precluded by the phrase "imprisoned in the penitentiary" from petitioning under section 122—1 of the Act for post-conviction relief even though he had completed probation prior to filing his petition.

Affirmed.

MURRAY, P.J., and PINCHAM, J., concur.