NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220962-U

NO. 4-22-0962

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 28, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Mercer County |
| MICHELLE L. SULLIVAN, | ) | No. 19CF11 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Norma Kauzlarich, |
| | ) | Judge Presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court.
Justices Zenoff and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Because defendant's appeal lacks arguable merit, the Office of the State Appellate
Defender is granted leave to withdraw as appellate counsel and the trial court's
judgment dismissing defendant's *pro se* postconviction petition is affirmed.

¶ 2    Defendant, Michelle L. Sullivan, appeals the trial court's dismissal of her *pro se*

postconviction petition. On appeal, this court appointed the Office of the State Appellate Defender

(OSAD) to represent her. OSAD has moved to withdraw as counsel, arguing defendant's appeal

lacks arguable merit. We grant OSAD's motion and affirm the court's dismissal of defendant's

postconviction petition.

¶ 3                                    I. BACKGROUND

¶ 4    In March 2019, the State charged defendant with obstructing justice (720 ILCS

5/31-4(a) (West 2018)), alleging she furnished false information to a law enforcement officer with

the intent to prevent herself from being prosecuted. In February 2020, she pleaded guilty to misdemeanor attempted obstruction of justice (*id.* §§ 8-4(a), 8-4(c)(5), 31-4(a)) pursuant to a fully negotiated plea agreement with the State. Defendant was sentenced to 24 months' conditional discharge and 24 days in jail, the latter of which was stayed. She was also ordered to pay a $500 fine and $8064 in restitution. During a guilty plea hearing, the trial court found there was a factual basis for defendant's plea, although that factual basis was not set forth in the hearing transcript, and it accepted defendant's plea.

¶ 5        In December 2021, defendant appeared before the trial court, asserting that a "charge" against her husband was "reversed" and seeking the same with respect to her conviction. The court found it lacked jurisdiction to consider a motion to withdraw defendant's guilty plea as more than 30 days had passed since her guilty plea and sentencing.

¶ 6        In September 2022, defendant filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)), and despite never having previously initiated any postconviction proceedings, a motion for leave to file a successive postconviction petition (*id.* § 122-1(f)). She sought to challenge her conviction based on "new evidence" and referencing "overturned charges" in her husband's case.

¶ 7        In October 2022, the trial court conducted a hearing in the matter. It noted defendant had "completed her conditional discharge" sentence in the case. The court also found defendant's postconviction filings were "outside the [two-year] statute of limitations" and, as a result, it had "lost jurisdiction" over defendant's case.

¶ 8        This appeal followed.

¶ 9                                II. ANALYSIS

¶ 10        As stated, OSAD has moved to withdraw as appellate counsel on the basis that any

appeal by defendant is without arguable merit. In particular, OSAD argues a first-stage dismissal of defendant's *pro se* postconviction petition was appropriate because, following the completion of her sentence, she lacked standing to seek relief under the Act. This court granted defendant leave to file a response to OSAD's motion, but she did not respond. For the reasons that follow, we agree that defendant's appeal lacks any arguable merit, although not for the reason articulated by OSAD.

¶ 11    "The Act provides a method by which 'any person imprisoned in the penitentiary' may assert that his or her conviction was the result of a substantial denial of his or her rights under the United States Constitution or the Illinois Constitution or both." *People v. Johnson*, 2021 IL 125738, ¶ 22, 182 N.E.3d 728 (quoting 725 ILCS 5/122-1(a)(1) (West 2016)). It contemplates a three-stage process. *People v. House*, 2021 IL 125124, ¶ 16, 185 N.E.3d 1234. "During the first stage ***, the circuit court must independently review the postconviction petition, without input from the State, and determine whether it is 'frivolous or is patently without merit.' " *Id.* (quoting (725 ILCS 5/122-2.1(a)(2) (West 2008)). The trial court must consider a petition's substantive virtue and not its procedural compliance. *People v. Hatter*, 2021 IL 125981, ¶ 22, 183 N.E.3d 136. "A postconviction petition is frivolous or patently without merit if it has no arguable basis either in law or in fact." (Internal quotation marks omitted). *Id.* ¶ 23. The trial court may summarily dismiss a petition when it meets this standard. *House*, 2021 IL 125124, ¶ 16. Additionally, the trial court's dismissal of a postconviction petition is subject to *de novo* review. *People v. Buffer*, 2019 IL 122327, ¶ 12, 137 N.E.3d 763.

¶ 12    As OSAD points out on appeal, a defendant's statutory standing under the Act "depends on whether he fulfilled the statutory condition of being 'imprisoned in the penitentiary' when he instituted the postconviction proceedings." *Johnson*, 2021 IL 125738, ¶ 32. The phrase

"imprisoned in the penitentiary" requires that a postconviction petitioner be someone "whose liberty, in some way or another, was curtailed to a degree by the state." *People v. Carrera*, 239 Ill. 2d 241, 246, 940 N.E.2d 1111, 1114 (2010). A defendant who has fully served his underlying sentence before seeking postconviction relief no longer has his liberty curtailed and may not be deemed a person "imprisoned in the penitentiary" as required by the Act. *Id.* at 253. Accordingly, such defendants lack standing to file a petition for postconviction relief. *Id.*; see *Johnson*, 2021 IL 125738, ¶ 37 ("[A] petitioner loses standing to seek relief under the Act if he is no longer 'imprisoned in the penitentiary' because he has fully discharged his sentence for the challenged conviction."). Moreover, a lack of standing is an appropriate basis upon which the trial court may summarily dismiss a postconviction petition. *Id.* ¶ 59.

¶ 13          Although, here, OSAD is correct with respect to its assertions of standing under the Act, it has overlooked the fact that defendant in this case was convicted and sentenced for a misdemeanor offense. As a result, her ability to seek postconviction relief does not stem from the Act. Because relief under the Act is limited to persons "imprisoned in the penitentiary," it has been interpreted as applying only to those challenging felony convictions. *People v. Shanklin*, 304 Ill. App. 3d 1056, 1058, 711 N.E.2d 796, 797 (1999) (citing *People v. Davis*, 54 Ill. 2d 494, 496, 298 N.E.2d 161, 163 (1973)). Rather than seeking postconviction relief under the Act, a misdemeanor offender may seek such relief pursuant to the supreme court's decision in *People v. Warr*, 54 Ill. 2d 487, 298 N.E.2d 164 (1973).

¶ 14          In *Warr*, the supreme court recognized the lack of a postconviction remedy for misdemeanor offenders and exercised its supervisory authority to direct that such an offender "may institute a proceeding in the nature of a proceeding under the *** Act" when alleging a substantial denial of constitutional rights in the proceedings that resulted in his or her conviction. *Id.* at 493.

It further held has follows:

> "Such a proceeding shall be governed by the *** Act except in the following respects:
>
>> (1) the defendant need not be imprisoned;
>>
>> (2) the proceeding shall be commenced within [four] months after rendition of final judgment if judgment was entered upon a plea of guilty and within six months after the rendition of final judgment following a trial upon a plea of not guilty;
>>
>> (3) counsel need not be appointed to represent an indigent defendant if the trial judge, after examination of the petition, enters an order finding that the record in the case, read in conjunction with the defendant's petition and the responsive pleading of the prosecution, if any, conclusively shows that the defendant is entitled to no relief." *Id.*

¶ 15 In this case, because defendant pleaded guilty to, and was convicted of, a misdemeanor offense, the statutory standing requirements of the Act did not apply to her. In fact, as set forth in *Warr*, to seek postconviction relief, a misdemeanor offender need not have been "imprisoned" as contemplated by the Act. *Id.* Accordingly, we disagree with OSAD that defendant's appeal lacks arguable merit because she lacked standing under the Act to seek postconviction relief.

¶ 16 We also disagree with the rationale relied upon by the trial court in this case. The court effectively entered a first-stage dismissal of defendant's postconviction petition on the basis that it was untimely under the Act's two-year limitations period. Although defendant's petition was untimely filed under both the Act and *Warr*, the court's summary dismissal on that basis was

improper. Again, *Warr* provides that, aside from the explicit exceptions noted in that decision, a misdemeanor postconviction proceeding is "governed by the *** Act." *Id.* The Act does not authorize a first-stage dismissal of a postconviction petition on the basis that the petition is untimely filed. *People v. Boclair*, 202 Ill. 2d 89, 99, 789 N.E.2d 734, 740 (2002). Instead, a time limitation should be considered an affirmative defense that the State can raise, waive, or forfeit. *Id.* at 101.

¶ 17     While we are not persuaded by OSAD's argument on appeal and find the trial court relied on an unauthorized basis for its summary dismissal of defendant's petition, as indicated, we agree with OSAD's ultimate conclusion that defendant's appeal lacks arguable merit. Notably, on review, we may affirm the trial court's summary dismissal of a postconviction petition on any basis supported by the record. *People v. Wright*, 2013 IL App (4th) 110822, ¶ 32, 987 N.E.2d 1051. In this instance, defendant's postconviction filings are devoid of factual allegations and, in fact, fail to set forth any clear contention of error such that her petition is frivolous and patently without merit.

¶ 18     "The threshold for a petition to survive summary dismissal at the first stage of [postconviction ] proceedings is low, given that most postconviction petitions are drafted by *pro se* petitioners with little legal knowledge or training." *Hatter*, 2021 IL 125981, ¶ 23. "The allegations of the petition, taken as true and liberally construed, must present the gist of a constitutional claim." *Id.* ¶ 24. "[T]o survive summary dismissal, a petitioner is only required to include a limited amount of detail and need not present formal legal arguments or citations to legal authority." *Id.* However, the Act states that a petition must "clearly set forth the respects in which petitioner's constitutional rights were violated." 725 ILCS 5/122-2 (West 2020). Additionally, a *pro se* petitioner is not excused "from providing any factual detail at all surrounding the alleged constitutional violation."

*Hatter*, 2021 IL 125981, ¶ 24. Although a *pro se* petition need not "set forth a complete and detailed factual recitation, it must set forth some facts which can be corroborated and are objective in nature or contain some explanation as to why those facts are absent." (Internal quotation marks omitted.) *People v. Hodges*, 234 Ill. 2d 1, 10, 912 N.E.2d 1204, 1208 (2009).

¶ 19 Here, defendant's postconviction filings consisted of a petition for postconviction relief, a motion to proceed *in forma pauperis* and to appoint counsel, an affidavit, and a motion for leave to file a successive postconviction petition. Defendant's postconviction petition, which is two pages in length, is partially illegible and contains no ascertainable constitutional claim. Both defendant's affidavit and her successive postconviction petition contain only the following incomplete single-sentence allegation: "2-1401B—In light of new evidence see attached appellate court papers for John F. Sullivan case # 19CF12 in regards to overturned charges." Despite defendant having alluded to an attachment to her filings, the record contains none. Because defendant's postconviction filings contain no clearly articulated claim of error and no supporting factual allegations, she cannot meet the low threshold for surviving the first stage of postconviction proceedings. Her petition was frivolous and patently without merit, and, on this record, the trial court's dismissal of her petition was warranted.

¶ 20                                    III. CONCLUSION

¶ 21 For the reasons stated, we grant OSAD's motion to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 22 Affirmed.