(Nos. 43127, 44212, 44493, and 45183 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DAID WARR, Appellant.—THE PEOPLE *ex rel.* EUGENE HENRY FINCH, Appellant, v. RICHARD ENGLISH, Warden, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. EUGENE HENRY FINCH, Appellant.—THE PEOPLE *ex rel.* THOMAS JOHNSON, Appellant, v. SHERIFF OF COOK COUNTY *et al.*, Appellees.

*Opinion filed June 25, 1973.*

JAMES J. DOHERTY, Public Defender, of Chicago (JOHN T. MORAN, JR., Assistant Public Defender, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BERNARD CAREY, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and WILLIAM K. HEDRICK, Assistant State's Attorneys, of counsel), for the People.

GERALD W. GETTY, Public Defender, of Chicago (JOHN T. MORAN, JR., and JAMES J. DOHERTY, Assistant Public Defenders, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and JAMES E. STERNIK, Assistant State's Attorneys, of counsel), for appellee.

JAMES J. DOHERTY, Public Defender, of Chicago (JOHN T. MORAN, JR., of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BERNARD CAREY, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General,

and ELMER C. KISSANE and WILLIAM K. HEDRICK, Assistant State's Attorneys, of counsel), for the People.

JAMES J. DOHERTY, Public Defender, of Chicago (JAMES N. GRAMENOS, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BERNARD CAREY, State's Attorney, of Chicago (ELMER C. KISSANE, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

These cases, together with *People v. Davis (1973), 54 Ill. 2d 494,* involve collateral attacks on misdemeanor convictions. Each case was dismissed because the right remedy had not been invoked. The issue in each case, therefore, is not whether the constitutional rights of the defendant were violated, but whether the defendant is entitled to an opportunity to show that they were. Because that question must be answered affirmatively, we reverse.

David Warr was arrested in possession of a stolen automobile on July 15, 1969. The police charged him with theft of property exceeding $150 in value, a felony, and with criminal trespass to a vehicle, a misdemeanor. (Ill. Rev. Stat. 1969, ch. 38, pars. 16–1, 21–2.) He was arraigned the following day. He pleaded not guilty to the misdemeanor charge, and waived his right to a jury trial on that charge. He was found guilty and sentenced to one year in the House of Corrections. The felony charge was nolle prossed. Although a court reporter was present, no request was made for a transcript of the proceedings at his trial.

On October 31, 1969, Warr filed a *pro se* pleading

entitled "Post conviction appeal and petitioner [*sic*] for writ of habeas corpus". On November 13, 1969, the circuit court of Cook County dismissed the pleading, which suffered from the usual defects of such papers. Charitably read, it alleged violations of various constitutional rights.

Eugene Finch was arrested on April 17, 1970, on charges of aggravated assault, unlawful possession of firearms, and unlawful use of a weapon. (Ill. Rev. Stat. 1969, ch. 38, pars. 12–2, 24–3.1, and 24–1.) On June 18, he went to trial on the last charge. He pleaded not guilty and waived a jury trial on that charge. He was found guilty and sentenced to one year at Vandalia. No court reporter was present. The other charges were dropped.

On October 13, 1970, Finch filed a *pro se* petition for a writ of *habeas corpus* which alleged that he had been denied counsel at his trial. The court appointed the public defender to represent him in the *habeas corpus* proceeding, which was dismissed on February 3, 1971. This judgment is challenged in No. 44212. Thereafter, he filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122–1 *et seq.*), which was dismissed without an evidentiary hearing on April 20, 1971. This judgment is challenged in No. 44493. At the time of the offense involved in these proceedings, Finch was on probation following a previous felony conviction. His probation was revoked and he was sentenced to the penitentiary. His appeal from the revocation of probation is pending in the Appellate Court for the First District as No. 56701.

Thomas Johnson was arrested on January 20, 1970, on charges of burglary and forgery. (Ill. Rev. Stat. 1969, ch. 38, pars. 19–1, 17–3.) Two days later he pleaded guilty to charges of theft and deceptive practices. (Ch. 38, pars. 16–1, 17–1.) He received two sentences of one year at Vandalia, to be served concurrently. No court reporter was present.

In May, 1970, he filed a *pro se* petition for a writ of

*habeas corpus* which alleged a denial of counsel at trial. The public defender was appointed to represent him. On July 8, 1970, the circuit court dismissed the petition. Johnson appealed to this court (No. 43679), which transferred the case to the appellate court. The appellate court affirmed (4 Ill. App. 3d 1001 (1972)), and we allowed leave to appeal.

There are three familiar statutory methods of collateral attack upon a judgment: section 72 of the Civil Practice Act, the Habeas Corpus Act, and the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1969, ch. 110, par. 72; ch. 65, par. 1 *et seq.*; ch. 38, par. 122—1 *et seq.*) For various reasons none of these is available to any of the appellants. Section 72 is the successor to the common law remedy of *coram nobis,* and it provides relief in a limited class of cases. It does not authorize relief for the denial of counsel of which Finch and Johnson complain. (*People v. Sprague (1939), 371 Ill. 627; cf. Burns v. People (1956), 9 Ill.2d 477,* and *People ex rel. Palmer v. Twomey (1973), 53 Ill.2d 479.*) None of Warr's multiple contentions fall within the traditional limits of the section 72 motion. Similarly, *habeas corpus* provides relief only on the grounds specified in the statute (Ill. Rev. Stat. 1971, ch. 65, par. 22), and the claims of all the appellants fall outside the scope of the statute. (*People ex rel. Rose v. Randolph (1965), 33 Ill.2d 453; People ex rel. Lewis v. Frye (1969), 42 Ill.2d 58.*) By its terms, the Post-Conviction Hearing Act applies only to persons "imprisoned in the penitentiary." Ill. Rev. Stat. 1971, ch. 38, par. 122—1; *People v. Dale (1950), 406 Ill. 238, 246-47.*

In each of the present cases the circuit court, following previous decisions of this court, dismissed the appellant's pleading because it did not come within the scope of the remedy which had been sought. In *People v. Dale (1950), 406 Ill. 238,* the court rejected the claim that the Post-Conviction Hearing Act was "discriminatory in that it withholds the remedy from persons imprisoned in

jails, reformatories and similar institutions and therefore its classification is unreasonable," saying: "The distinction between minor offenses and serious crimes and the different method of procedure for these two classes of offenders is recognized in this State as well as in other States." 406 Ill. at 246.

Since *People v. Dale* was decided, several recent United States Supreme Court decisions have rejected, in whole or in part, a distinction based on the nature of the crime and the length of the sentence as a ground for denying procedural rights guaranteed by the fourteenth amendment. (See *Baldwin v. New York (1970), 399 U.S. 66, 26 L. Ed. 2d 437, 90 S. Ct. 1886; Groppi v. Wisconsin (1971), 400 U.S. 505, 27 L. Ed. 2d 571, 91 S. Ct. 490; Mayer v. City of Chicago (1971), 404 U.S. 189, 30 L. Ed. 2d 372, 92 S. Ct. 410;* and *Argersinger v. Hamlin (1972), 407 U.S. 25.*) These decisions make it appropriate, if not imperative, that a remedy be provided by which one who has been convicted of a misdemeanor may raise questions as to the constitutional validity of the procedures employed in obtaining his conviction.

Appeal is the ordinary method for challenging a criminal conviction. Yet post-conviction relief in some form has long been available in Illinois and elsewhere. It is unnecessary to cite the numerous decisions that have expanded the scope of Federal *habeas corpus* for State and Federal prisoners, and the widespread adoption or revision of analogous State remedies. Differences in criminal procedure before, during and after trial may be based on differences in the gravity of the offense and the severity of its punishment (*cf. Johnson v. Louisiana (1972), 406 U.S. 356, 32 L. Ed. 2d 152, 92 S. Ct. 1620;* Ill. Const. (1970), art. I, sec. 7), but those differences cannot justify the total denial of a remedy for violations of constitutional rights. To the extent that *People v. Dale (1950), 406 Ill. 238,* is contrary, it is overruled.

The problem then, which these cases present, is the

determination of the remedy to be pursued by a person convicted of a misdemeanor who asserts that his constitutional rights were violated in the proceeding which resulted in his conviction. Such a remedy should be expeditious, fair and simple. The Post-Conviction Hearing Act affords a basic model, but the remedy provided in that Act should be modified, in the case of misdemeanors, in recognition of the relative burdens imposed upon the defendant, the witnesses and the prosecution, as well as the fact that the issues in such cases are not usually complex.

With these considerations in mind, we direct, in the exercise of our supervisory jurisdiction, that until otherwise provided by rule of this court or by statute a defendant convicted of a misdemeanor who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his constitutional rights may institute a proceeding in the nature of a proceeding under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1971, ch. 38, pars. 122—1, 122—7.) Such a proceeding shall be governed by the Post-Conviction Hearing Act except in the following respects:

(1) the defendant need not be imprisoned;
(2) the proceeding shall be commenced within 4 months after rendition of final judgment if judgment was entered upon a plea of guilty and within six months after the rendition of final judgment following a trial upon a plea of not guilty;
(3) counsel need not be appointed to represent an indigent defendant if the trial judge, after examination of the petition, enters an order finding that the record in the case, read in conjunction with the defendant's petition and the responsive pleading of the prosecution, if any, conclusively shows that the defendant is entitled to no relief.

The judgments of the circuit court of Cook County are

reversed and the causes are remanded with directions to consider the pleading filed in each case as having been timely filed in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*