THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID E. BRUCE, Defendant-Appellant.

(No. 74-130;

Third District—February 21, 1975.

Moody, Venturelli & Diamond, of Decatur, (Scott B. Diamond, of counsel), for appellant.

Fred R. Odendahl, State's Attorney, of Monmouth, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the order of the circuit court of Warren County dismissing the post-conviction petition of petitioner, David Bruce.

On June 3, 1973, petition was arrested for driving while under the influence of intoxicating liquor. On October 11, 1973, he pleaded guilty and was sentenced to pay a fine of $300. On March 19, 1974, over 5 months after entry of judgment on his plea of guilty, he filed a post-conviction petition alleging he was not offered a jury trial, was not admonished as to his rights pursuant to Supreme Court Rule 402, and the complaint did not state the chapter number under which petitioner was charged. The trial court hearing the petition entered an order stating that in the absence of a transcript or a bystander's report of proceedings, it did not have sufficient information on which to make a ruling. Petitioner appeals from this order.

Due to the view we take of this case, the only issue we need deal with is the one raised by the People in its brief. The People argue that petitioner is not entitled to a proceeding in the nature of a proceeding under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122) since petitioner did not follow the proper procedure as set out by the Illinois Supreme Court in *People v. Warr*, 54 Ill.2d 487, 298 N.E.2d 164. The court in *Warr* stated at page 493:

> "[W]e direct, in the exercise of our supervisory jurisdiction, that until otherwise provided by rule of this court or by statute a defendant convicted of a misdemeanor who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his constitutional rights may institute a proceeding in the nature of a proceeding under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1971, ch. 38, pars. 122—1, 122—7.) Such a proceeding shall be governed by the Post-Conviction Hearing Act except in the following respects:
>
> ✳    ✳    ✳

(2) the proceeding shall be commenced within 4 months after rendition of final judgment if judgment was entered upon a plea of guilty  *  *  *."

In the instant case over 5 months elapsed between date of entry of final judgment pursuant to petitioner's guilty plea (October 11, 1973) and his petition for post-conviction relief (March 19, 1974).

In light of *People v. Warr*, 54 Ill.2d 487, 298 N.E.2d 164, we hold here that petitioner cannot bring his petition 5 months after rendition of final judgment entered upon his plea of guilty. It may be noted in passing, regarding the merits of petitioner's contentions, that in the absence of a transcript or bystander's report of proceedings it would be impossible for the trial court to determine the validity of petitioner's allegations.

For the foregoing reasons the judgment of the circuit court of Warren County is affirmed.

Judgment affirmed.

ALLOY and DIXON, JJ., concur.