THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHEILA SHANKLIN, n/k/a Sheila McDaniel, Defendant-Appellant.

Fourth District    No. 4—98—0615

Argued March 17, 1999.—Opinion filed May 27, 1999.—Rehearing denied June 30, 1999.

Alan J. Novick (argued), of Jennings, Novick, Smalley & Davis, P.C., of Bloomington, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and James C. Majors (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE MYERSCOUGH delivered the opinion of the court:

Defendant, Sheila Shanklin, appeals an order entered June 9, 1998, following a hearing in the circuit court of McLean County, denying her petition for postconviction relief. She maintains on appeal that she was denied the effective assistance of counsel at trial and on direct appeal. We affirm.

## I. BACKGROUND

On July 10, 1996, following a bench trial in the circuit court of McLean County, defendant was convicted of the following misde-

meanor offenses: nine counts of violation of owner's duties (510 ILCS 70/3 (West 1994)); nine counts of cruel treatment of animals (510 ILCS 70/3.01 (West 1994)); two counts of allowing livestock to run at large (510 ILCS 55/1 (West 1994)); and one count of unlawful disposal of a dead animal (225 ILCS 610/17 (West 1994)). One count of operating a kennel without a license (225 ILCS 605/3 (West 1994)) was dismissed. On August 28, 1996, the trial court sentenced defendant to 12 months' probation and ordered her to make restitution to the McLean County Humane Society. Defendant appealed only the sentence imposed, and this court affirmed. *People v. Shanklin*, 286 Ill. App. 3d 1146 (1997) (unpublished under Supreme Court Rule 23).

On July 29, 1997, the State filed a petition to revoke defendant's probation in the circuit court and notice was issued. Pursuant to section 5—6—4(a) of the Unified Code of Corrections, the filing of the petition and issuance of notice tolled defendant's period of probation, and her term of probation did not expire until the disposition of the petition to revoke. 730 ILCS 5—6—4(a) (West 1996). An order dismissing the petition was entered on July 15, 1998.

On October 2, 1997, defendant filed a petition for postconviction relief. She alleged in her petition that her trial counsel was ineffective because he failed to call nine people who had agreed to testify as defense witnesses, including defendant, her husband, and two veterinarians. Attached to her petition were affidavits from the potential witnesses. She also alleged in her petition that (1) she was denied the right to a jury trial; (2) as a result of her convictions, she has been deprived of her membership in various organizations related to her work with horses; and (3) she was denied effective assistance of appellate counsel.

On October 27, 1997, the State filed a motion to dismiss the petition because defendant had not been imprisoned in the penitentiary as a result of her misdemeanor convictions in this case. The record does not indicate the court's ruling on the State's motion to dismiss, but on February 11, 1998, the State apparently abandoned that motion and filed a response to the postconviction petition indicating only that defendant had not been deprived of her constitutional rights. The trial court denied defendant's petition, and this appeal followed.

## II. ANALYSIS

■ Defendant was convicted of misdemeanor offenses and sentenced to probation. In the proceedings below, she sought collateral review of her convictions pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 1996)). Availability of relief under the Act is specifically limited to persons "imprisoned in the pen-

itentiary." 725 ILCS 5/122—1 (West 1996). This language was previously interpreted to limit application of the Act to relief from felony convictions. *People v. Davis*, 54 Ill. 2d 494, 496, 298 N.E.2d 161, 163 (1973). However, in the exercise of its supervisory authority, the Supreme Court of Illinois held in *People v. Warr*, 54 Ill. 2d 487, 493, 298 N.E.2d 164, 167 (1973), that a defendant convicted of a misdemeanor who asserts that a substantial denial of his constitutional rights occurred in the proceedings that resulted in his conviction may institute a proceeding in the nature of a proceeding under the Act. Moreover, the supreme court has recognized that postconviction relief is available to defendants sentenced to probation. *People v. Martin-Trigona*, 111 Ill. 2d 295, 299-300, 489 N.E.2d 1356, 1358 (1986), citing *People v. Montes*, 90 Ill. App. 3d 355, 412 N.E.2d 1363 (1980).

■ Although relief in the nature of postconviction proceedings may be available to defendants convicted of misdemeanors and sentenced to probation, defendant's postconviction petition was untimely filed. In *Warr*, the supreme court established specific requirements for postconviction proceedings initiated by defendants convicted of misdemeanors. One of those requirements was that "the proceeding shall be commenced within *** six months after the rendition of final judgment following a trial upon a plea of not guilty." *Warr*, 54 Ill. 2d at 493, 298 N.E.2d at 167. In a criminal case, it is the imposition of sentence that causes the judgment to be final. *People v. Hanson*, 134 Ill. App. 3d 1002, 1005, 481 N.E.2d 733, 734 (1985).

The supreme court went on to state in *Warr* that the postconviction remedy it was creating for misdemeanor defendants would apply until otherwise provided by rule of the supreme court or by statute. No rule of the supreme court has been promulgated since that time supplanting the *Warr* procedures. The legislature has amended the Act on several occasions since the *Warr* decision, including provisions concerning the time limits for filing postconviction petitions. For example, Public Act 83—693 reduced the maximum time limit for filing from 20 years to 10 years. Pub. Act 83—693, § 1, eff. January 1, 1984 (1983 Ill. Laws 4404, 4405). Public Act 86—1210 reduced the maximum time from 10 years to 3 years. Pub. Act 86—1210, § 2, eff. January 1, 1992 (1990 Ill. Laws 1901, 1905-1906). However, the legislature has not addressed the time limits set forth in *Warr*, nor has it expanded applicability of the Act beyond persons "imprisoned in the penitentiary." 725 ILCS 5/122—1 (West 1996). Therefore, the procedures set forth in *Warr* continue to apply.

Defendant was sentenced on August 28, 1996. She did not file her postconviction petition until October 2, 1997. This 13-month delay was more than 7 months beyond the 6-month limit set forth in *Warr*.

See *People v. Bruce*, 25 Ill. App. 3d 1051, 324 N.E.2d 251 (1975) (finding petition untimely where it was filed one month beyond limit set by *Warr*); *Hanson*, 134 Ill. App. 3d 1002, 481 N.E.2d 733 (finding application of *Warr* would render defendant's postconviction petition untimely where it was filed more than six months after defendant was sentenced).

We note that some exceptions to the postconviction time limits have been recognized. For example, in *People v. Sak*, 186 Ill. App. 3d 816, 542 N.E.2d 1155 (1989), *appeal denied*, 128 Ill. 2d 670, 548 N.E.2d 1076 (1989), the court held that the defendant could file a postconviction petition after completing his sentence, despite the limitations contained in the Act. The defendant, an illegal alien, had pleaded guilty to a charge of theft without being advised that the theft conviction could be used against him in deportation proceedings. The State, while urging dismissal of the petition, conceded the defendant was not properly advised of the consequences of his guilty plea. The *Sak* court found the consequence of deportation was a drastic one, which was more severe than the consequences of the guilty plea imposed by the trial court. Under these circumstances, the court found that allowing the defendant to file the postconviction petition was necessary to avoid an injustice and to prevent the limitations in the Act from depriving an individual of constitutional rights.

Similarly, in *People v. Cangelosi*, 68 Ill. App. 3d 489, 386 N.E.2d 295 (1979), the court permitted a defendant convicted of a misdemeanor to file a postconviction petition outside of the time limit set forth in *Warr*. The defendant alleged he had been induced to plead guilty to a theft charge, in part, by a promise that the theft conviction would not be used to revoke his probation on an earlier conviction. The court found that the delay in filing the postconviction petition beyond the *Warr* limits was excused where the defendant could not have known about the alleged constitutional violation until his theft conviction was used to revoke his earlier probation.

The circumstances in the instant case afford no basis for this court to conclude that a relaxation of the *Warr* time limits is required. We have reviewed the record of defendant's trial and see no injustice or deprivation of constitutional rights. Defendant's conviction does not expose her to potential collateral consequences on the order of deportation. Moreover, no event occurring after the *Warr* time limit was shown to alter the nature or effect of any aspect of defendant's trial.

## III. CONCLUSION

A court of review is not bound to accept the reasons given by a

circuit court for its judgment and the judgment may be sustained upon any ground warranted, regardless of whether the circuit court relied upon such ground. *Messenger v. Edgar*, 157 Ill. 2d 162, 177, 623 N.E.2d 310, 317 (1993). Having found defendant failed to file her petition within the time limits prescribed by *Warr*, and that no cause was shown for relaxing those time limits, this court affirms the denial of defendant's postconviction petition.

Affirmed.

STEIGMANN and GARMAN, JJ., concur.