NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2019 IL App (4th) 170626-U

NOS. 4-17-0626 & 4-17-0627 cons.

FILED
October 24, 2019
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v.      (No. 4-17-0626) | ) | Macoupin County |
| LANCE DAVIDSON, | ) | No. 15CM99 |
| Defendant-Appellant). | ) | |
| | ) | |
| | ) | |
| ------------------------------------------------------------------ | ) | |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | No. 15CM256 |
| Plaintiff-Appellee, | ) | |
| v.      (No. 4-17-0627) | ) | |
| LANCE DAVIDSON, | ) | |
| Defendant-Appellant). | ) | Honorable |
| | ) | Joshua Aaron Meyer, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court reversed, concluding the trial court erred by dismissing
        defendant's postconviction petition at the first stage of proceedings.

¶ 2          In March 2015, the State charged defendant, Lance Davidson, with domestic

battery and criminal damage to property, both Class A misdemeanors.  In June 2015, the State

charged defendant with violation of an order of protection, a Class A misdemeanor.  In

September 2016, defendant pleaded guilty to criminal damage to property and violation of an

order of protection, and the State dismissed the domestic battery charge.  In May 2017, defendant

filed a *pro se* postconviction petition alleging (1) he was not given a copy of the amended

charge, (2) he agreed to "costs only" and the trial court imposed fines, and (3) he "was not admonished and the plea agreement was breached." In July 2017, the trial court summarily dismissed defendant's postconviction petition.

¶ 3 Defendant appeals, arguing the trial court erred by dismissing his postconviction petitions challenging his misdemeanor convictions because he was not imprisoned in the penitentiary. For the following reasons, we reverse the trial court's judgment and remand for further proceedings.

¶ 4 I. BACKGROUND

¶ 5 In Macoupin County case No. 15-CM-99, the State charged defendant with (1) domestic battery, a Class A misdemeanor (720 ILCS 5/12-3.2(a)(2), (b) (West 2014)), and (2) criminal damage to property, a Class A misdemeanor (720 ILCS 5/21-1(a)(1), (d)(1)(B) (West 2014)). In Macoupin County case No. 15-CM-256, the State charged defendant with violation of an order of protection, a Class A misdemeanor (720 ILCS 5/12-3.4(a)(1)(i), (d) (West 2014)).

¶ 6 On September 6, 2016, defendant signed a document showing he pleaded guilty to criminal damage to property and the State dismissed the domestic battery charge in Macoupin County case No. 15-CM-99. Another document showed defendant pleaded guilty to "(Amended) Disorderly Conduct" in Macoupin County case No. 15-CM-256. There is no amended information in the record. Both documents defendant signed indicated defendant pleaded to a "straight conviction" and would pay "costs only." The same day the court entered the docket order memorializing defendant's plea, the court entered an order imposing five fines in each case.

¶ 7        On November 14, 2016, defendant filed identical motions to withdraw his guilty pleas, asserting (1) the pleas were involuntary because he did not receive a copy of the amended information and (2) the plea agreements were breached because fines were assessed.  That same date, defendant filed a late notice of appeal.  A docket entry shows the above documents were filed, but the trial court never ruled on the motion to withdraw the guilty pleas.  On November 21, 2016, this court granted defendant's motion for leave to file a late notice of appeal and appointed the Office of the State Appellate Defender (OSAD).  The appeals were consolidated and docketed as Nos. 4-16-0849 and 4-16-0850.  This court subsequently granted OSAD's motion to dismiss the appeals for lack of jurisdiction.

¶ 8        In May 2017, defendant filed a postconviction petition asserting (1) he did not receive a copy of the amended information indicating the nature of the charge against him, (2) he agreed to "costs only" and the court entered an order assessing fines, and (3) he was not properly admonished and the plea agreement was breached.  In July 2017, the trial court summarily dismissed defendant's postconviction petition.  In relevant part, the order dismissing the postconviction petition read as follows:

> "[Defendant]'s conviction entered September 6, 2016[,]
> was a conviction that did not include any type of supervision,
> probation[,] or conditional discharge nor did it include any jail
> time or imprisonment.  He filed the *pro se* post-conviction petition
> on May 30, 2017[,] and at that time he had completed the sentence
> and was not being deprived of liberty as a result of his conviction
> in this case.  Given the fact that [defendant] had fully served his
> sentence in the conviction he now seeks to challenge, he is not

imprisoned in the penitentiary on this case, nor is he deprived of liberty or facing the possibility of loss of liberty because of this case, as required to proceed under Section 122-1 of the Post Conviction Hearing Act, his petition is improper."

¶ 9        This appeal followed. Macoupin County case No. 15-CM-99 is docketed as No. 4-17-0626 and Macoupin County case No. 15-CM-256 is docketed as No. 4-17-0627. We have consolidated the cases for review.

¶ 10                                II. ANALYSIS

¶ 11        On appeal, defendant argues the trial court erred by dismissing his postconviction petition challenging his misdemeanor convictions because he was not imprisoned in the penitentiary. The State asserts defendant failed to demonstrate a substantial violation of his constitutional rights where he alleged he pleaded guilty believing he would receive court costs only and was instead assessed fines. Defendant responds, arguing the State minimizes defendant's allegations that he did not receive (1) notice of the nature of the charge against him or (2) adequate admonishments before his guilty plea.

¶ 12        The Post-Conviction Hearing Act (Act) provides a means of challenging a conviction or sentence based on a substantial violation of constitutional rights. *People v. Boykins*, 2017 IL 121365, ¶ 9, 93 N.E.3d 504. The Act contains language limiting its application to persons " 'imprisoned in the penitentiary.' " *People v. Shanklin*, 304 Ill. App. 3d 1056, 1057-58, 711 N.E.2d 796, 797 (1999). "This language was previously interpreted to limit application of the Act to relief from felony convictions." *Id.* at 1058. Additionally, the person seeking postconviction relief "must be in prison for the offense he is purporting to challenge." *People v. West*, 145 Ill. 2d 517, 519, 584 N.E.2d 124, 125 (1991).

¶ 13        However, the Illinois Supreme Court concluded a defendant convicted of a misdemeanor offense may seek postconviction relief in *People v. Warr*, 54 Ill. 2d 487, 298 N.E.2d 164 (1973).  In that case, the supreme court exercised its supervisory authority to direct that a defendant convicted of a misdemeanor offense "may institute a proceeding in the nature of a proceeding under the Post-Conviction Hearing Act" when asserting a substantial denial of constitutional rights in the proceedings that led to his or her conviction.  *Id.* at 493.  The supreme court went on to hold as follows:

> "Such a proceeding shall be governed by the Post-Conviction Hearing Act except in the following respects:
>
>      (1) The defendant need not be imprisoned;
>
>      (2) the proceeding shall be commenced within [four] months after rendition of final judgment if judgment was entered upon a plea of guilty and within six months after the rendition of final judgment following a trial upon a plea of not guilty;
>
>      (3) counsel need not be appointed to represent an indigent defendant if the trial judge, after examination of the petition, enters an order finding that the record in the case, read in conjunction with the defendant's petition and the responsive pleading of the prosecution, if any, conclusively shows that the defendant is entitled to no relief." *Id.*

¶ 14    Here, the trial court dismissed defendant's postconviction petition finding the petition improper where defendant had fully served his sentence in the conviction he sought to challenge, was not imprisoned in the penitentiary, and was not deprived of liberty or facing the loss of liberty because of the conviction. We agree that, absent *Warr*, defendant cannot meet the statutory requirement for relief under the Act because he was not imprisoned in the penitentiary for his misdemeanor offense. We further note that defendant's petition was untimely under *Warr* because he did not initiate postconviction proceedings within four months of the entry of final judgment following his guilty plea. We may not affirm on this basis, however, because *Warr* dictates that, other than the exceptions set forth in that decision, misdemeanor postconviction proceedings are governed by the Act. In *People v. Boclair*, 202 Ill. 2d 89, 99, 789 N.E.2d 734, 740 (2002), the supreme court held that the Act did not authorize the dismissal of a postconviction petition at the first stage of proceedings based on untimeliness. Rather, "time limitations in the Act should be considered as an affirmative defense and can be raised, waived, or forfeited, by the State" at the second stage of postconviction proceedings. *Id.* at 101-02. Thus, we may not affirm the circuit court's first-stage dismissal based on untimeliness.

¶ 15    The Act provides a three-stage process for adjudicating postconviction petitions. *Id.* at 99. At the first stage of proceedings, the trial court must determine whether the petition is frivolous or patently without merit. *Id.* The court "make[s] an independent assessment in the summary review stage as to whether the allegations in the petition, liberally construed and taken as true, set forth a constitutional claim for relief." *Id.*

¶ 16    As noted, the State argues defendant failed to demonstrate a substantial violation of his constitutional rights where he alleged he pleaded guilty believing he would receive court costs only and was instead assessed fines. Defendant responds, arguing the State minimizes

- 6 -

defendant's allegations that he did not receive (1) notice of the nature of the charge against him or (2) adequate admonishments before his guilty plea.

¶ 17    With respect to defendant's claims regarding the imposition of fines in violation of the plea agreement, we question whether this court has jurisdiction to address this claim. Illinois Supreme Court Rule 472(a)(1) (eff. May 17, 2019) provides that the circuit court retains jurisdiction, including during the pendency of an appeal, to address "[e]rrors in the imposition or calculation of fines, fees, assessments, or costs." Further, Rule 472(e) directs this court to remand to the circuit court an appeal in which a party has attempted to raise a sentencing error for the first time on appeal. Accordingly, we conclude remand is necessary to allow the trial court to address defendant's claim of error in the imposition of fines.

¶ 18    We further note that, even absent Rule 472, remand is necessary for second-stage postconviction proceedings. In addition to his claims regarding errors in the imposition of fines, defendant alleged he did not receive notice of the nature of the charge against him because he never received a copy of the amended information in Macoupin County case No. 15-CM-256. The document memorializing defendant's plea agreement indicated he pleaded guilty to "(Amended) Disorderly Conduct" and the record contains no amended information. Liberally construed and taken as true, defendant's petition alleged the gist of a constitutional claim— specifically, that he had no notice of the nature of the charge against him. Defendant further alleged the court failed to adequately admonish him. There is no transcript of the proceedings in the record rebutting defendant's claim. Taken as true, defendant's petition stated the gist of a constitutional claim that the court failed to adequately admonish defendant before accepting his guilty plea. Accordingly, we conclude the trial court erred by dismissing defendant's

postconviction petition at the first stage of proceedings. We therefore reverse the trial court's judgment and remand for second-stage postconviction proceedings.

¶ 19                                    III. CONCLUSION

¶ 20          For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

¶ 21          Reversed and remanded.