2023 IL App (1st) 210853 -U

No. 1-21-0853

August 31, 2023

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 03214 |
| | ) | |
| JIMMY LEE CICHOCKI, | ) | Honorable |
| | ) | Mark W. Martin, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Mikva and Justice Tailor concurred in the judgment.

**ORDER**

*Held*: Where a trial court has personal and subject matter jurisdiction, the court's order requiring a parent to return a child to Illinois is not void. The trial court's order dismissing a postconviction petition based on a claim of unreasonable assistance of postconviction counsel is affirmed where postconviction counsel was not required to advance a frivolous claim on defendant's behalf. We reverse and remand for further proceedings the trial court's dismissal of a postconviction petition where defendant made a substantial showing that his trial counsel provided unreasonable assistance.

¶ 1    Petitioner Jimmy Cichocki appeals the trial court's denial of his second stage postconviction petition pursuant to the Post-Conviction Act (Act) (725 ILCS 5/122-1 et seq. (West 2018). Cichocki argues that the trial court erred in dismissing his petition because the court lacked subject matter jurisdiction over his claim and that he made a substantial showing that he received ineffective assistance of trial counsel. Cichocki further argues that postconviction counsel provided ineffective assistance by not including an essential argument in his postconviction petition. For the following reasons, we find that the court order requiring Cichocki to return to Illinois with E.C. was not void. We affirm the part of the trial court's order dismissing the postconviction petition regarding Cichocki's claim of unreasonable assistance of postconviction counsel. We find that the trial court erred in granting the State's motion to dismiss Cichocki's postconviction petition regarding his claim of ineffective assistance of trial counsel, and we remand for third stage postconviction proceedings on that claim.

¶ 2                                I. BACKGROUND

¶ 3    Cichocki and Stacy Geng had a minor child E.C. On August 22, 2017, Geng was arrested for domestic battery. The complaint alleged that Geng caused bodily harm to Cichocki by biting him. On August 24, 2017, Cichocki sought an order of protection against Geng and Song Gao, Geng's mother.  Cichocki testified that in addition to the incident with Geng, Gao grabbed his shirt and arm while he was holding E.C., leaving a bruise on his arm. The court found sufficient allegations of abuse and entered a temporary order of protection against Geng and Gao. The order of protection also granted Cichocki temporary custody of E.C. The orders of protection were vacated on September 25, 2017.

¶ 4    On October 13, 2017, a hearing was held in Geng's domestic battery case. At the beginning of the proceedings, the court excused Cichocki. The court held a conference pursuant to Supreme

Court Rule 402. After a pause in proceedings, Eve Jasinka, a representative from Life Span, informed the court that Cichocki could not be found. Jasinka told the court that Cichocki returned to her office and stated that he was going to Oklahoma to stay with his sister, and he would call her to find out what happened in court. The State *nolle prossed* the case against Geng due to Cichocki's absence. The court entered a plenary order of protection listing Cichocki as the protected party. The court also modified the previous order of protection and ordered Cichocki to return E.C. to Gao no later than Monday at 9 a.m. Jansinka was instructed to relay what happened in court to Cichocki.

¶ 5     When Cichocki did not return E.C. to Gao's custody, he was charged with kidnapping and child abduction. The State claimed that Cichocki was aware of the order to return E.C. to Illinois. On April 5, 2018, Cichocki pled guilty to attempt child abduction in exchange for two years of probation. After pleading guilty, the court admonished Cichocki pursuant to Rule 402. In admonishing Cichocki regarding his right to appeal his sentence, the court stated:

> "You have 30 days then from today's date to appeal the sentence of this Court. Before you could appeal, you have to set forth in a written motion all the reasons and all the grounds why you want the sentence of this court. Any reason or any grounds not contained in your written motion would be waived for appeal purposes which means it would be waived for all time. If you cannot afford an attorney to help you prepare that motion, one will be appointed free of charge as well as get a free copy of the transcript of today's proceedings."

¶ 6     Cichocki did not file a direct appeal. Instead, represented by counsel, Cichocki filed a postconviction petition on March 12, 2020. The petition alleged *inter alia* that his arrest was based on a void court order and that he was innocent of the charges he pled guilty to. Cichocki claimed

his plea was involuntary and he was coerced into pleading guilty. He further alleged that trial counsel was ineffective in encouraging him to plead guilty to a crime he did not commit and for failing to assist him in withdrawing the plea within 30 days. Postconviction counsel filed a 651 (c) certificate of compliance along with the petition.

¶ 7 The petition moved to the second stage after the trial court failed to enter an order within 90 days. 725 ILS 5/122.2.1(b). The State filed a motion to dismiss on November 20, 2020, arguing that the petition was untimely, the court had jurisdiction to order Cichocki to return E.C. to Illinois, the petition did not comply with the pleading requirements under the Act, there was no evidence that his plea was involuntary or evidence of his actual innocence, and there was no evidence that trial counsel was ineffective. The trial court granted the State's motion to dismiss on March 19, 2021. On May 21, 2021, Cichocki filed a pro se motion to reconsider. The trial court denied the motion. This appeal follows.

¶ 8                                   II. JURISDICTION

¶ 9 The trial court dismissed Cichocki's post-conviction petition and denied his motion to reconsider on June 25, 2021. Cichocki filed a timely notice of appeal on July 21, 2021. Accordingly, this court has jurisdiction pursuant to Article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Rule 651(a) (eff. July 1, 2017), governing appeals from a final judgment in post-conviction proceedings.

¶ 10                                   III. ANALYSIS

¶ 11 On appeal, Cichocki argues (1) he made a substantial showing of actual innocence where his conviction was based on a void order; (2) postconviction counsel provided ineffective assistance by omitting an argument in his petition that the court provided inadequate appeal admonishments; and (3) he made a substantial showing that trial counsel was ineffective. We

review *de novo* the dismissal of a postconviction petition at the second stage of postconviction proceedings. *People v. Coleman*, 183 Ill. 2d 366, 385 (1998).

¶ 12                    A. Conviction was Not Based on a Void Order

¶ 13    Cichocki contends that the trial court lacked jurisdiction to order him to return E.C. to Illinois to the custody of Gao. Specifically, he claims that the court lacked subject matter jurisdiction where there was no justiciable issue before the court involving custody of E.C, and as a result, his guilty plea based on violating the order was void. The State argues that the trial court had jurisdiction to order Cichocki to return E.C. to Illinois because Cichocki was under the court's jurisdiction where he sought the order of protection against Geng. The State also contends that the trial court order was not void.

¶ 14    "Whether a judgment is void or voidable presents a question of jurisdiction." *People v. Davis*, 156 Ill.2d 149, 155 (1993). "Jurisdiction is a fundamental prerequisite to a valid prosecution and conviction. Where jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time." *Id.* In contrast, a voidable judgment "is one entered erroneously by a court having jurisdiction and is not subject to collateral attack." *Id.* at 155–56. A void order is typically challenged through a petition in the same proceeding in which the order or judgment is entered. 735 ILCS 5/2-1401(b). However, an allegedly void judgment may be challenged in postconviction proceedings. *People* v. *Thompson,* 209 Ill. 2d 19 (2004).

¶ 15    In *People v. Castleberry*, 2015 IL 116916, ¶¶ 11-12, our supreme court abolished the void sentence rule. In *Castleberry*, our supreme court determined that the "inherent power" notion of jurisdiction could not be reconciled with the Illinois constitution and was at odds with earlier supreme court decisions rejecting that view of jurisdiction in the civil context. *Id.* ¶ 18. As a result, a statutorily nonconforming sentence is not void; it is merely voidable and subject to the usual

rules of forfeiture or other procedural restraints. *Id. Castleberry* relied on policy favoring the finality of judgments and held that a defendant may no longer rely on the void sentence rule to overcome forfeiture of a claimed sentencing error or to challenge a statutorily nonconforming sentence in perpetuity. *Id* at 24.

¶ 16 Jurisdiction consists of two elements: subject matter jurisdiction and personal jurisdiction. *In re M.W.,* 232 Ill.2d 408, 414, 328 (2009). Subject matter jurisdiction refers to a court's power " 'to hear and determine cases of the general class to which the proceeding in question belongs.' " *Id.* at 415 (quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.,* 199 Ill.2d 325, 334 (2002)). To invoke the trial court's subject matter jurisdiction, a party need only present a justiciable matter. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.,* 199 Ill.2d 325, 335. A justiciable matter is "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Id.* Personal jurisdiction refers to the court's power "to bring a person into its adjudicative process." *Id.* (quoting Black's Law Dictionary 870 (8th ed. 2004)).

¶ 17 To support his position, Cichocki cites *In re Custody of Ayala,* 344 Ill.App.3d 574 (2003), *Ligon v. Williams*, 264 Ill. App. 3d 701, 702 (1994), and *In re N.G.*, 2018 IL 121939. In *Ayala,* parents were engaged in a custody battle over their child. *Id* at 577. The trial court awarded temporary custody of the child to the father. *Id*. The mother argued that the trial court orders were void and violated her due process rights because she had no notice that awarding co-custody to the petitioner's wife and parents was an issue or that either joinder or custody would be determined on the date of the order. *Id* at 579-580. This court found that without notice that custody was at issue, the mother was denied the opportunity to be heard on the matter, to object to the father remaining the custodial parent and the award of shared custody, and to present her case for modification of

custody in her favor. *Id* at 587. The court held that the custody award was void and a denial of the mother's constitutional right to procedural due process. *Id.*

¶ 18    In *Ligon v. Williams*, 264 Ill. App. 3d 701, 702 (1994), the plaintiff filed a complaint asking the court to find a parent-child relationship between her youngest daughter and the defendant. When the plaintiff did not appear at the hearing on the complaint, the defendant admitted paternity, and the trial court entered an order finding that a parent-child relationship existed, granting custody to the defendant. *Id* at 703. Plaintiff brought action pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 1992), arguing that the custody issue was not properly before the court at the prior hearing. *Id* at 706. This court held that the trial court "acted without authority in rendering an order affecting the custody because custody was not a justiciable matter before [the court]. *" Id* at 708 The only justiciable questions raised by the petition were the establishment of a parent-child relationship and the obligation to support the child." *Id*

¶ 19    In *N.G.,* the defendant's predicate void firearm conviction was used to terminate his parental rights. *In re N.G.,* 2018 IL 121939, ¶ 73. The supreme court held that a conviction under a facially unconstitutional statute is void and cannot serve as a predicate offense in any subsequent proceedings. *Id* ¶¶ 31, 33, 42. Any conviction or finding dependent on a conviction under a facially unconstitutional statute is erroneous and void. *Id.* ¶¶ 37, 38.

¶ 20    We find the cases cited by Cichocki distinguishable from the facts here. Cichocki contends that *Ayala* and *Ligon* are similar to the facts here because custody over E.C. was not a justiciable matter, and therefore, the trial court lacked subject matter jurisdiction. Also, Cichocki argues that similar to *N.G.,* the conviction here relies on a void order rendering his guilty plea is invalid.

¶ 21    In this case, there were two matters before the court: the criminal battery proceedings and protective order against Geng, and the civil emergency order of protection against Gao. Requesting

an order of protection presents a justiciable matter where the court has subject matter jurisdiction. 750 ILCS 60/201; 750 ILCS 60/207. Once a court acquires jurisdiction, the court does not lose jurisdiction, even when there is an error or irregularity in the proceeding. *In re M.W.*, 232 Ill. 2d 408, 423 (2009). "The allocation of judicial responsibilities to various divisions of a circuit court does not impose barriers to jurisdiction but rather reflects a concern for administrative convenience. [citation] The trial court judge in a domestic relations division has jurisdiction to hear all issues that are justiciable in nature. [citation]" *In re Marriage of Devick*, 315 Ill. App. 3d 908, 913 (2d Dist. 2000) (internal citations omitted). Hence, a court tasked with overseeing a domestic violence case like the one here does not lack subject matter jurisdiction over child custody decisions.

¶ 22    Here, the initial order of protection against Geng and Gao granted Cichocki physical care and possession of E.C. The court had jurisdiction in its October 13th order to modify the relief in the August 24th order of protection and require that Cichocki deliver E.C. to Gao. 725 ILCS 5/112A5.5; 750 ILCS 60/219 and 220. Furthermore, under the Illinois Domestic Violence Act (IDVA), the mother is considered the lawful custodian of a minor child when the parents are not married unless a valid court order states otherwise. 720 ILCS 5/10-5(a)(3). There was no custody action filed, so Cichocki only maintained lawful custody of E.C to the extent that the August 24th order granted it. Therefore, the trial court had subject matter jurisdiction to order Cichocki to return E.C. to Illinois and to the custody of Gao. As a result, we find Cichocki's guilty plea was not void.

¶ 23                    B. Ineffective Assistance of Postconviction Counsel

¶ 24    Cichocki also argues that postconviction counsel was ineffective for not including an argument that the court provided inadequate appeal admonishments after Cichocki's guilty plea. The State contends that the trial court substantially advised Cichocki pursuant to Rule 605(c), and

therefore, Cichocki cannot establish that postconviction counsel provided unreasonable assistance by failing to raise an argument to the contrary.

¶ 25    "The Act provides for a reasonable level of assistance." *People v. Flores*, 153 Ill. 2d 264, 276, (1992). Illinois Supreme Court Rule 651(c) "imposes specific obligations on postconviction counsel to assure the reasonable level of assistance required by the [Postconviction] Act." *People v. Lander*, 215 Ill. 2d 577, 584. The rule requires that postconviction counsel (1) consults with petitioner by phone, mail, electronic means, or in-person to ascertain their contentions of deprivation of constitutional rights; (2) examine the record of the proceedings at the trial; and (3) make any amendments necessary to the pro se petition to adequately present petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Filing a Rule 651(c) certificate raises a presumption that counsel provided reasonable assistance under the Act. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23.

¶ 26    "[T]he Illinois Supreme Court 'has consistently held that remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the pro se petition, regardless of whether the claims raised in the petition had merit.'" *People v. Schlosser*, 2012 IL App (1st) 092523, ¶30, (quoting *Suarez*, 224 Ill. 2d at 47). The purpose of the rule is to ensure that postconviction counsel shapes the defendant's claims into a proper legal form and present them to the court. *People v. Perkins*, 229 Ill.2d at 34 (2007). The defendant bears the burden of demonstrating his attorney failed to comply with the duties mandated in Rule 651(c). *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23. Our supreme court has held that remand is warranted when postconviction counsel fails to perform its duties, "regardless of whether the claims raised in the petition had merit." *People v. Suarez*, 224 Ill. 2d 37, 47 (2007).

¶ 27    Cichocki contends that postconviction counsel failed to make amendments to his petition necessary to represent his claims. Specifically, he argues postconviction counsel failed to include his claim that the trial court failed to substantially advise Cichocki of his rights under Rule 605(c) after entering his guilty plea.

¶ 28    Illinois Supreme Court Rule 604(d) provides, in relevant part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.

No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 29    "The filing of a Rule 604(d) motion is a condition precedent to an appeal from a judgment on a plea of guilty." *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003). Absent such a motion does not deprive the appellate court of jurisdiction, "[a]s a general rule * * * the failure to file a timely Rule 604(d) motion precludes the appellate court from considering the appeal on the merits." *Id.* at 301. At the time of imposing a sentence, Rule 605(c) requires the trial judge to advise the defendant of the following:

"(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the

judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived."

¶ 30    The court need not use the exact language in Rule 605 or read the rule verbatim. *In re J.T.,* 221 Ill.2d 338, 366, (2006). However, the court "must 'substantially' advise a defendant under Rule 605(c) in such a way that the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal * * *. So long as the court's admonitions were sufficient to impart to a defendant the essence or substance of the rule, the court has substantially complied with the rule." *People v. Dominguez*, 2012 IL 111336, ¶22.

¶ 31    Cichocki asserts that the trial court did not substantially comply with Rule 605(c) in admonishing him regarding withdrawing his plea. Specifically, he claims that the trial court failed to inform him to withdraw his plea before he could file a notice of appeal. The State responds,

and we agree, the court's admonishments substantially advised Cichocki under Rule 605(c). The court here informed Cichocki of his right to appeal within 30 days and that he had to file a written post-plea motion prior to any appeal. Furthermore, Cichocki demonstrated in his amended affidavit in support of his postconviction petition that he understood he needed to withdraw his guilty plea to appeal his sentence. In his affidavit, Cichocki states that after his conviction, he contacted his attorney to vacate his conviction. As a result, the court admonished Cichocki sufficiently to provide him with notice of what he needed to do to preserve his appeal. *Dominguez*, 2012 IL 111336, ¶ 22.

¶ 32    Having determined the court sufficiently admonished Cichocki, we find that postconviction counsel was not required to include this claim in his petition. Postconviction counsel is not required to advance frivolous or spurious claims on the defendant's behalf. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). Therefore, we find that postconviction counsel provided reasonable assistance.

¶ 33                    C. Ineffective Assistance of Trial Counsel

¶ 34    Lastly, Cichocki claims that his counsel was ineffective for inducing him to plead guilty because he could withdraw his plea but refused to assist Cichocki after pleading guilty. The State argues that Cichocki's claims are meritless because he has failed to show trial counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by plea counsel's alleged errors.

¶ 35    The Act sets out a three-stage proceeding in which a criminal defendant may assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). The circuit court may summarily dismiss a postconviction petition if it determines that it is "frivolous or is patently

without merit." 725 ILCS 5/122-2.1(a)(2) (West 2018). A petition is frivolous or patently without merit only if it has "no arguable basis either in law or in fact." *Hodges*, 234 Ill. 2d at 16. At the first stage, the court must liberally construe and accept as true all the allegations in the petition unless contradicted by the record. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). The trial court has 90 days to review the petition and determine whether "the petition is frivolous or is patently without merit." *People v. Flores,* 153 Ill. 2d 264, 276, (1992). If the trial court does not summarily dismiss it within that period, the petition advances to the second stage. *People v. Domagala*, 2013 IL 113688, ¶ 33.

¶ 36     At the second stage, the State may file an answer or move to dismiss the petition. 725 ILCS 5/122-5 (West 2016). A petition may be dismissed at the second stage "only when the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation." *People v. Hall*, 217 Ill. 2d 324, 334, (2005). If a substantial showing of a constitutional violation is established, "the petition proceeds to the third stage for an evidentiary hearing." *People v. Harris*, 224 Ill. 2d 115, 126, (2007).

¶ 37     "The * * * Act provides a method to challenge a conviction or sentence based on a substantial violation of constitutional rights." *People v. Boykins*, 2017 IL 121365, ¶ 9(citing 725 ILCS 5/122-1(a)(1) (West 2018)). The Act also contains language that limits its application to persons "'imprisoned in the penitentiary.'" *People v. Shanklin*, 304 Ill. App. 3d 1056, 1057-58, (1999) (quoting 725 ILCS 5/122-1 (West 1996)). A defendant convicted of a misdemeanor offense may seek postconviction relief pursuant to the supreme court's decision in *People v. Warr*, 54 Ill. 2d 487 (1973). In *Warr*, our supreme court exercised its authority to direct that until otherwise provided by court rule or statute, a defendant convicted of a misdemeanor offense "may institute a proceeding in the nature of a proceeding under the * * * Act" when alleging a substantial denial

of his constitutional rights in the proceedings that resulted in his conviction. *Id*. at 493. The court explained:

"Such a proceeding shall be governed by the * * * Act except in the following respects:

(1) the defendant need not be imprisoned;

(2) the proceeding shall be commenced within [four] months after rendition of final judgment if judgment was entered upon a plea of guilty and within six months after the rendition of final judgment following a trial upon a plea of not guilty;

(3) counsel need not be appointed to represent an indigent defendant if the trial judge, after examination of the petition, enters an order finding that the record in the case, read in conjunction with the defendant's petition and the responsive pleading of the prosecution, if any, conclusively shows that the defendant is entitled to no relief." *Id*.

¶ 38     Here, Cichocki filed his petition 23 months after his guilty plea. Pursuant to *Warr,* Cichocki's claim is time-barred. See, *People v. Bruce,* 25 Ill. App. 3d 1051, 1053 (1975). The trial court did not consider the merits of Cichocki's ineffective assistance claim because he did not file his petition within four months of his guilty plea. To overcome his untimeliness, Cichocki must demonstrate that his failure to timely file his petition was not the result of "culpable negligence." 725 ILCS 5/122-1(c). Culpable negligence in the Act means "something greater than ordinary negligence and is akin to recklessness." *People v. Rissley*, 206 Ill. 2d 403, 420, (2003). This definition ensures that the petitioner is permitted to file an untimely petition so long as they allege "facts showing that the delay was not due to his culpable negligence." *Id.* Also, this definition comports with our supreme court's long-held view that generally, the Act must be liberally

construed to afford an opportunity to present questions of deprivation of constitutional rights. *Id* at 421.

¶ 39 Applying the definition to the case at bar, we find Cichocki has established that the delay in filing was not the result of his culpable negligence. Cichocki stated that he sought his attorney's assistance to vacate his sentence, but neither his attorney nor the public defender's office would assist him. He also alleged that he had to focus his attention and money on his parentage case. These assertions demonstrate Cichocki was not culpably negligent in filing his postconviction petition. *Id.* See also *People v. Kitchen,* 189 Ill.2d 424, 435 (1999) (acknowledging that "the Act should not be so strictly construed that a fair hearing be denied and the purpose of the Act, i.e., the vindication of constitutional rights, be defeated"). Therefore, we find Cichocki's ineffective assistance of counsel claim is not time-barred.

¶ 40 Cichocki contends that his trial counsel was ineffective because they: (1) advised him to plead guilty to an offense the State could not prove beyond a reasonable doubt; (2) told him he should plead guilty because he could withdraw his plea; and (3) refused to assist him in withdrawing his plea. Cichocki claims he only pled guilty to attempt child abduction because his attorney assured him he could withdraw the plea later.

¶ 41 A claim that a defendant was denied effective assistance of counsel is governed by the familiar two-pronged test established in *Strickland*. *People v. Brown*, 2017 IL 121681, ¶ 25. Under *Strickland*, counsel is constitutionally ineffective where representation was objectively unreasonable, and such deficient performance prejudiced the defendant. *Id.* To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v. Hale*, 2013 IL 113140, ¶ 18 (quoting *Strickland*, 466 U.S. at 694). A defendant must satisfy both prongs

of the *Strickland* test. *People v. Henry*, 2016 IL App (1st) 150640, ¶ 53. A failure to establish either prong is fatal to the claim. *People v. Easley*, 192 Ill. 2d 307, 318 (2000).

¶ 42    When an ineffective assistance claim is based on conduct during a guilty plea, the defendant must demonstrate that the guilty plea was not entered voluntarily and    intelligently. *Rissley*, 206 Ill.2d 403, 457. To establish prejudice under these circumstances, the defendant must show there is a reasonable probability that, absent counsel's errors,  they would have pleaded not guilty and insisted on going to trial. *Id.* An allegation that the defendant would have pleaded not guilty and insisted on a trial if counsel had not been deficient is not enough to establish prejudice. *Id* at 459. To obtain relief on a claim that they relied on their counsel's erroneous advice about a consequence of his plea, the defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Brown*, 2017 IL 121681, ¶ 48 (citing *People v. Valdez*, 2016 IL 119860, ¶ 29).

¶ 43    Cichocki was charged with attempt child abduction. A person commits child abduction when an individual:

> "Intentionally conceals, detains, or removes the child without the consent of the
>
> mother or lawful custodian of the child if the person is a putative father and either:
>
> (A) the paternity of the child has not been legally established or (B) the paternity
>
> of the child has been legally established but no orders relating to custody have been
>
> entered." 720 ILCS 5/10-5(b)(3)(a).

¶ 44    Cichocki argues that he was induced to plead guilty by his attorney because his attorney assured him that he could withdraw his plea at a later date. In his postconviction petition, Cichocki alleged that he signed E.C.'s birth certificate and attached a voluntary acknowledgment of paternity to the petition. "A parent-child relationship may be established voluntarily by the signing

and witnessing of a voluntary acknowledgment in accordance with Section 12 of the Vital Records Act and Section 10-17.7 of the Illinois Public Aid Code." 750 ILCS 46/301 (West 2016). Additionally, Section 12 of the Vital Records Act requires that when a child is born to an unmarried woman or a married woman whose husband is not the child's father, the parties are provided an opportunity to sign a voluntary acknowledgment of parentage. The signed acknowledgments conclusively establish parentage in accordance with Sections 5 and 6 of the Illinois Parentage Act of 1984 and with the Illinois Parentage Act of 2015. 410 ILCS 535/12(5)(a) (West 2016).

¶ 45     Cichocki's allegations, taken as true, clearly constitute a plausible defense to attempt child abduction. The State nonetheless argues that there is no evidence trial counsel was aware of Cichocki's parental rights, and the trial court's Rule 402 admonishments overcame any prejudice resulting from trial counsel's advice. Cichocki cites *People v. Hall*, 217 Ill. 2d 324, 334 (2005) to support his claim.

¶ 46     In *Hall*, the petitioner was charged with aggravated kidnapping when they took a car that was left running at a gas station with the owner's 21-month-old daughter inside. *Id* at 327. Under a negotiated plea agreement, the petitioner pled guilty to aggravated kidnapping in exchange for dismissal of the other charges and the State's recommendation of a six-year prison sentence. *Id* at 328.

¶ 47     The petitioner filed a *pro se* postconviction petition alleging he informed his attorney that he did not know the child was in the back seat of the car when he took it from the gas station, but his attorney told him that his lack of knowledge did not constitute a valid defense to the charge of aggravated kidnapping. *Id.* The petition further alleged that petitioner was induced to plead guilty by his attorney's deficient advice that he had no defense to aggravated kidnapping. *Id* at 336

¶ 48    Our supreme court considered whether the trial court's Rule 402 admonishments were sufficient to overcome prejudice to a defendant as a result of an attorney's erroneous advice. *Id* at 339. The *Hall* court determined that the petitioner's allegations raised a plausible defense to the charge of aggravated kidnapping and that his attorney's alleged advice to the contrary was objectively unreasonable. *Id* at 335. The court also found that the petitioner was prejudiced because there was a reasonable probability that absent counsel's deficient advice, he would have pleaded not guilty and insisted on a trial. *Id* at 336.

¶ 49    The supreme court specified in *Hall* that the relevant inquiry is not whether the trial court's admonishments were in compliance with Rule 402. *Id* at 340. The question is whether the admonishments were sufficient to address the misrepresentation of trial counsel. *Id.* Although trial court admonishments are not mere formalities, they are not always sufficient to negate the effect of erroneous advice from defense counsel. *Id* at 337 (citing *People v. Morreale,* 412 Ill. 528, 533–34, (1952)).

¶ 50    We find Cichocki has established a reasonable probability that he would have pleaded not guilty and insisted on a trial absent counsel's deficient advice. Based on the specific facts before us, we find that the admonishments of the trial court and the language of the charging instrument are not sufficient to alleviate the prejudice of the alleged erroneous advice. *Id* at 341. Therefore, liberally construing Cichocki's petition demonstrates a substantial showing that his guilty plea was involuntary due to ineffective assistance of counsel.

¶ 51                                III. CONCLUSION

¶ 52    Based on our review, we find Cichocki has not made a substantial showing of innocence where the trial court's order that required him to return E.C. was not void, nor has he made a substantial showing that postconviction counsel provided unreasonable assistance. Hence, we

affirm the part of the trial court's order dismissing the claim of unreasonable assistance of postconviction counsel.

¶ 53    We find that Cichocki has made a substantial showing that trial counsel provided ineffective assistance. For the foregoing reasons, we reverse the trial court's dismissal of Cichocki's postconviction petition regarding the claim of ineffective assistance of trial counsel, and we remand for third stage postconviction proceedings.

¶ 54    Affirmed in part, reversed in part, and remanded with directions.